### FLEMING v. SIMMS et al.

### No. 11944.

Circuit Court of Appeals, Fifth Circuit.

Nov. 18, 1947.

Rehearing Denied Dec. 31, 1947.

Arnold Teks, of Athens, Ga., Edward N. Vaden, and Taylor N. House, both of Atlanta, Ga., Nathan Siegel, David London and Albert M. Dreyer, all of Washington, D. C., for appellant.

T. B. Ellis, Jr., of Fort Pierce, Fla., and A. N. Spence, of Miami, Fla., for appellees.

Before SIBLEY, HUTCHESON, and HOLMES, Circuit Judges.

HOLMES, Circuit Judge.

This is an appeal by the Housing Expediter from a judgment denying an injunction in an action to restrain the defendants from evicting a tenant in violation of federal rent regulations for housing, as amended (10 F.R. 3436, 13528).

The facts are these: Before this action was filed, Mrs. Susie Reinberg lived on premises in the Miami defense-rental area. Her occupancy originated in a month-to-month letting from a life tenant. Upon the death of the life tenant, the remaindermen demanded possession from Mrs. Reinberg, and gave her notice to vacate within 10 days; but she continued in possession, in apparent reliance upon a letter to her from the Office of Price Administration advising her to disregard the notice. Nevertheless, on Nov. 12, 1946, the remaindermen com-

menced an unlawful detainer proceeding against her in a Florida state court, and a hearing therein followed in which the main question was the legal effect of the rent regulation. The Administrator did not participate in that proceeding as a party or otherwise. By judgment of the state court, the possession of the premises was awarded to the remaindermen, and a writ of possession issued.

Meanwhile, the Administrator filed this action in the federal court, and on the same day moved for a preliminary injunction. The answer pleaded that the rent regulations against eviction were inapplicable because there was no conventional relation of landlord and tenant between the remaindermen and Mrs. Reinberg under the law of Florida. Upon a stipulation in writing, which agreed to the facts, the court below made an order denying a temporary injunction on the ground that the state-court decision was res judicata.

■ We think the court below erred in holding that the state-court judgment was res judicata and in refusing to grant the injunction prayed for by the Administrator. The latter was not a party to the state action, and was not bound by a judgment in personam in a litigation in which he was not designated as a party and to which he had not been made a party by service of process.[1] This is not a suit by the Administrator for the recovery of excessive charges in which he could sue only when the person injured had not sued; but is under 50 U.S.C.A.Appendix, § 925(a), where he seeks injunction in his own right to prevent, or to compel the cessation of, violations of the Emergency Price Control Act, 50 U.S.C.A.Appendix § 901 et seq. He is in no sense a privy of the injured person, and is not bound by any adjudication which that person may have suffered in any court.

■ Since the court below ruled that the decision in the state court was res judicata, it did not reach the question whether Mrs. Reinberg was a tenant or occupant under the regulation. We think that she was and could not be evicted unless the landlord complied with the provisions of the rent regulation. Sec. 6(a) of Rent Regulation for Housing explicitly forbids eviction, except in certain circumstances not present in this case, notwithstanding the "lease or other rental agreement has expired, or otherwise terminated." Mrs. Reinberg's rental agreement was one that "otherwise terminated." Immediately following the death of the life tenant, Mrs. Reinberg was not a trespasser: she was the lawful occupant of the premises but, except for the regulations, under duty to vacate as quickly as reasonably possible. As defined in the regulations, the word tenant includes a lessee or other person entitled to the possession, use, or occupancy of any housing accommodations.[2] Since she was an occupant, and since the regulations included occupants in their definition of a tenant, and since the Act itself[3] declares that it shall be unlawful for any person to remove or attempt to remove the tenant or occupant thereof from any defense-area housing accommodations, we conclude that the Act, in the public interest, prohibits her removal except in accordance with the regulations.

The judgment appealed from is reversed, and the cause remanded for further proceedings not inconsistent with this opinion.

---

[1] Chase National Bank v. City of Norwalk, 291 U.S. 431, 54 S.Ct. 475, 78 L.Ed. 894; Hansberry v. Lee, 311 U.S. 32, 61 S.Ct. 115, 85 L.Ed. 22, 132 A.L.R. 741; United States v. Pink, 315 U.S. 203, 62 S.Ct. 552, 86 L.Ed. 796; Drummond v. United States, 324 U.S. 316, 65 S.Ct. 659, 89 L.Ed. 969.

[2] Sec. 13(9) of Rent Regulation for Housing, as amended (10 F.R. 3436, 13528).

[3] 50 U.S.C.A.Appendix, § 904 (b).