HENDERSON, Adm'r, Office of Price Administration, v. FLECKINGER et al.

No. 10572.

Circuit Court of Appeals, Fifth Circuit.

June 9, 1943.

Fleming James, Jr., Chief, Litigation Branch, OPA, David Ginsburg, Gen. Counsel, OPA, and Abraham Glasser, Atty., Appellate Division, OPA, all of Washington, D. C., Leon Sarpy, Chief Rent Atty., OPA, of New Orleans, La., and Talbot Smith, Regional Atty., OPA, of Dallas, Tex., for appellant.

No appearance for appellees.

Before SIBLEY, HUTCHESON, and McCORD, Circuit Judges.

SIBLEY, Circuit Judge.

The appellee owns a duplex residence, one-half of which was on October 20, 1942, occupied by her as a home and the other half was rented to Mrs. Jaime Canlas. Appellee desired the apartment occupied by Mrs. Canlas, for the use of appellee's daughter and her children, the daughter's husband having been inducted into the army. Mrs. Canlas was notified to vacate, and she refusing, an eviction warrant was sued out in a State court. A representative of appellant was allowed to appear in the case, contending that the eviction would violate Wartime Rent Regulation 45, Sect. 1388.8056, which prohibits the eviction of a tenant who continues to pay the rent, although the rental agreement has expired or terminated. Appellee contended that she was entitled under the regulation to recover possession for her use and occupancy, as her daughter and grandchildren would be members of her family. The State Court sustained the eviction. The appellant then entered the district court and sought an injunction against the execution of the eviction warrant under Section 205(a) of the Emergency Price Control Act of 1942, 50 U.S.C.A.Appendix, 925(a). The district court held that it had no power to enjoin the proceedings in the State court because of Section 265 of the Judicial Code, 28 U.S.C.A. § 379, and dismissed the complaint. This appeal followed.

On the argument of the appeal it was suggested that the tenant had now vacated the premises, and the cause is moot. The appellant contends that he is nevertheless entitled to an injunction and to have the status restored. We authorized affidavits to be filed as to the facts. The tenant says she moved out a few days after the injunction was denied to escape bodily eviction under the warrant from the State court. Appellee makes affidavit that the tenant moved voluntarily on Jan. 6,

382

1943, owing two months and six days rent which has not been paid. We are of opinion that if the tenant was forced out, and if an injunction be finally granted, it would be within the power of the court granting it to order the status as of the time of filing the complaint to be restored. Jones v. Securities and Exchange Commission, 298 U.S. 1, 2, 56 S.Ct. 654, 80 L. Ed. 1015, and cases cited. The cause is therefore not moot. But if the tenant is found to be in arrears with the rent she could not resist eviction by the very language of the Regulation. These are fact questions to be decided in the district court. Since they may be found favorably to appellant, it is our duty to decide the appeal.

 Section 265 of the Judicial Code forbidding the grant of an injunction by a court of the United States to stay proceedings in a state court must be considered as modified by the later provision of Section 205(a) of the Emergency Price Control Act. This latter Act formulated important federal policies, and charged the Administrator with executing them, and armed him with injunction as his main weapon. We do not think it was intended that his use of it is to be denied because a proceeding in a State court is contravening the federal policies. The federal Act, assuming its constitutionality, is a part of the supreme law of the land, and the courts ought to carry it out fully, using the injunctive process it prescribes. We think this case, though not appearing to be in its circumstances a flagrant violation of the policy declared by the Act, if a violation at all, ought to be tried on its merits. The judgment is reversed and the cause is remanded for further proceedings.

HUTCHESON, Circuit Judge (dissenting).

While I agree with the view of the majority that the district judge was in error in holding that Sec. 265 of the Judicial Code forbade the grant of an injunction under Sec. 205(a) of the Emergency Price Control Act, I think the whole matter was rendered moot by the tenant's moving out and that our order should be one of reversal with directions to dismiss because moot. If the tenant had been evicted under the process sought to be enjoined, the case would not have been moot, for, the judgment denying the injunction reversed, the court might have by mandatory injunction compelled the restoration of the

status quo, Texas & N. O. v. North Side Belt R. Co., 276 U.S. 475, 478, 48 S.Ct. 361, 72 L.Ed. 661. Here the record shows without dispute that the tenant was not evicted, that she was two months and six days in arrears on her rent and that having been maintained in the premises by the injunction, though delinquent, she decided, the injunction dissolved, to leave without paying. In addition to this fact of delinquency, which under the invoked act prevented the tenant's holding on, there are quite serious questions as to whether Mrs. Fleckinger's act in retaking her premises for the use of her daughter and granddaughter was not in accordance with the act and the regulations, and if it was not, whether the regulation was not an unreasonable departure from the terms of the act under which it was promulgated. The normal rule is that when a case is moot, a court will not determine serious legal questions raised in it. It seems to me that this case is a peculiarly appropriate one for the application of the rule.