**BOWLES, Administrator, Office of Price Administration, v. LEE et al.**

No. 170.

District Court, E. D. Kentucky, Covington.

March 21, 1945.

Thomas M. Logan, District Rent Enforcement Atty., O. P. A., of Cincinnati, Ohio, for plaintiff.

Sawyer A. Smith and Howell W. Vincent, both of Covington, Ky., for defendants.

SWINFORD, District Judge.

This is an action in which the Administrator of the Office of Price Administration seeks to permanently enjoin the further

prosecution of an ejectment proceeding now pending in a State Court.

Various motions have been filed, proof taken and the case is now before me for final determination on the full record.

Facts, briefly, are these. Mr. and Mrs. R. C. Beever occupy an apartment, the property of Mrs. Lucas J. Lee. This property was managed for Mrs. Lee by her husband and agent, Dr. Lucas J. Lee. Under the terms of the contract of rental, the rent was due on the 18th of the month, (in the instance in question, the month of October, 1944). By custom the rent could be received by a janitor in the building which contained Dr. Lee's office. The rent was tendered to the janitor on the 19th of October. The janitor declined to accept it. The check was mailed to Dr. Lee, with a letter from Mrs. Beever, on October 20th. Dr. Lee declined to accept the check for the rent. On October 20th he had served upon the defendants the required statutory notice to vacate. On the 24th he instituted forcible detainer proceedings in the Magistrate's Court to eject the tenants from the property. Before any steps, other than continuance, were taken, the Administrator instituted this action in this court and secured a temporary restraining order against Dr. Lucas J. Lee and Mrs. Lucas J. Lee. Consequently, nothing further was done in the Magistrate's Court pending the determination of this cause.

There is squarely presented for determination the question: Can a Federal District Court permanently enjoin a landlord from prosecuting in the State Court an ejectment proceeding against a tenant for non-payment of rent?

The Administrator devotes much argument to the proposition that the rent was not past due, in law, sufficiently to eject the tenant for non-payment of rent. I do not think that this question enters into the determination of this case. Even though it might be decided that the rent was not past due, because of such a slight delay in payment, this court must first determine whether or not it has jurisdiction to make a decision on that question.

I am of the opinion that this court does not have jurisdiction to enjoin the defendants from prosecuting their case to judgment in the Magistrate's Court.

■■ By the terms of the Emergency Price Control Act, Public Law 421, 77th Cong., 2nd Session, 56 Stats. 23, 50 U.S. C.A. Appendix, § 901 et seq., and regulations made pursuant thereto, the property in question was within the district rental area of Cincinnati and subject to Maximum Rent Regulations Nos. 53 and 54. No landowner could charge a greater rent for accommodations than he received on March 1, 1942. Section 6(a) of the terms of the General Rent Regulations for Housing provides, among other things, that the tenant shall not be removed so long as he continues to pay the rent. Thus, he may be removed for failure to pay the rent. Notwithstanding, the non-removal provision, it is recognized that the landlord is not required to keep a tenant who is delinquent or slow in the payment of rent. Where the landlord believes himself aggrieved he must resort to the only course available by instituting an ejectment proceeding in a State Court. He has no other court to which he can go. Thus, the question of whether or not the rent has been paid in accordance with the terms of the contract comes squarely to issue in a court of competent jurisdiction. The Magistrate's Court here is a court of competent jurisdiction.

Section 205(a) of the Act, 50 U.S.C.A. Appendix § 925(a), gives the Administrator the right to proceed to enjoin any acts or practices which he considers a violation of the Act. Sub-section (c) provides that the District Court shall have jurisdiction of criminal proceedings for violations and concurrently with state and territorial courts of all other proceedings.

■ The whole thing here is to determine, by a civil proceeding, whether there has been a violation of a valid regulation under the Price Control Act. If the rent was not paid according to the contract there was no violation. That question is presented for determination in a court of competent jurisdiction and with jurisdiction concurrent with this court. That question was pending in the Magistrate's Court at the time the proceeding here was instituted. If the Congress had intended that such questions were only to be decided by the District Court, it would certainly not have used the language, "jurisdiction * * * concurrently with State and Territorial courts, of all" proceedings other than criminal. Section 205(c), 50 U.S.C.A. Appendix, § 925(c).

The Administrator takes the position that the very raising of an issue in the state court by the institution of the proceeding

there, is the act constituting a violation which should be enjoined by this court. In support of this position he cites the cases of Bowles v. Willingham, 321 U.S. 503, 64 S.Ct. 641, 88 L.Ed. 892; Henderson v. Fleckinger, 5 Cir., 1943, 136 F.2d 381; Brown v. Wright, 4 Cir., 1943, 137 F.2d 484.

A careful reading of the case of Bowles v. Willingham discloses that the question presented here was never before the Supreme Court in that case. In so far as the question here involved was concerned, the only thing that was decided in the Bowles case was that section 265 of the Judicial Code, 36 Stats. 1162, 28 U.S.C.A. § 379, which provides that "the writ of injunction shall not be granted by any court of the United States to stay proceedings in any court of a State, except in cases where such injunction may be authorized by any law relating to proceedings in bankruptcy", was enlarged by the Emergency Price Control Act of 1942 by making another exception. The exception being that the Emergency Court of Appeals, which was created by section 204(c) of the Act, should have exclusive jurisdiction over actions in which it was sought to enjoin any action on the part of the Administrator.

Both the cases of Henderson v. Fleckinger and Brown v. Wright deal with the same question discussed in the Bowles case. Each of these cases holds that the injunction cannot be denied by reason of section 265 of the Judicial Code. While the language used in the opinions of Brown v. Wright and in the Fleckinger case seem very favorable to the position of the plaintiff here, it must be borne in mind that this language was used in the light of the discussion of the applicability of section 265.

 That argument does not enter into the determination of the question here. On the authorities cited it must be definitely determined that the Administrator has the right to seek injunctive relief to prevent a violation of the Act, notwithstanding section 265. But where a court of competent jurisdiction has once acquired jurisdiction to determine a question of fact on the construction of a simple contract, I do not believe it was the intention of the Congress to permit the Federal Court to interfere.

It seems to me that it would be very fallacious reasoning to say that the language of section 205(e) meant only to give the Administrator the right to seek redress or relief against a landlord, in either the Federal or State Court, but to deny the local litigant, the landlord, the right to choose this forum for the determination of his legal rights.

To summarize, the only question for determination is whether or not the rent was paid in accordance with the terms of the contract. That question was pending in the Magistrate's Court, a court of competent jurisdiction. Without more explicit language of such an intention, the Congress did not mean to extend the right of the Federal Court to enjoin a litigant from prosecuting his cause in his local court.

Orders in accordance with this Memorandum are this day entered.