PORTER, PRICE ADMINISTRATOR, *v.* LEE ET AL.

Nos. 1116 and 1117.   Argued May 13, 1946.—Decided May 27, 1946.

*Robert L. Stern* argued the cause for petitioner. With him on the brief were *Solicitor General McGrath, Milton Klein, David London* and *Irving M. Gruber.*

*Howell W. Vincent* argued the cause and filed a brief for respondents.

MR. JUSTICE BLACK delivered the opinion of the Court.

October 24, 1944, Dr. Lee brought a forcible detainer suit in the Justice of the Peace Court of Kenton County, Kentucky, to recover possession of an apartment he had rented to R. C. and Sarah Beever by reason of an alleged nonpayment of rent due on October 18, 1944. On December 4, 1944, before any judgment had been rendered, the Price Administrator, under § 205 of the Emergency Price Control Act, 56 Stat. 23, sought an injunction in the Federal District Court to order respondents, Dr. and Mrs. Lee, not to prosecute eviction proceedings against "Beever or any other tenant" and to restrain them from violating the Rent Regulation for Housing, 10 F. R. 3436, 13528, promulgated pursuant to the Emergency Price Control Act.[1] That

---

[1] The part of the Regulation here in question (§ 6) was promulgated pursuant to § 2 (d) of the Emergency Price Control Act, 56 Stat. 23, which authorizes the Administrator, whenever such action is necessary or proper in order to effectuate the purposes of the Act, to " regulate or prohibit . . . renting or leasing practices (including practices re-

Regulation provides among other things that so long as the tenant continues to pay the rent to which the landlord is entitled no tenant shall be removed or evicted by any landlord. The Administrator's complaint in the injunction proceeding alleged that Beever owed no rent; that tender of the rent due had been refused by Dr. Lee; that this had been done not because there had been a default in payment but rather because Dr. Lee did not want families with children, such as the Beevers, living on the premises; and that the eviction proceeding, thus, violated the Rent Regulation for Housing. The District Court issued a temporary restraining order, but later, without passing on the disputed factual issue of whether Beever had actually been delinquent in paying his rent at the time of the commencement of the Justice of the Peace Court proceedings, dismissed the Price Administrator's complaint on the ground that it lacked jurisdiction to enjoin the Lees from prosecuting an eviction proceeding in the state court. *Bowles* v. *Lee,* 59 F. Supp. 639.[2] The Justice of the Peace Court on the landlord's motion then dismissed the forcible detainer action and on June 25, 1945, a new action was brought in the same Justice of the Peace Court asking for a writ of restitution to remove the Beevers on the ground of nonpayment of rent. The Justice of the Peace Court then entered a judgment directing the eviction of the Beevers. The Price Administrator this time asked the Federal District Court to restrain enforcement and execution of the judgment of eviction. This action by the Price

---

lating to recovery of the possession) in connection with any defense-area housing accommodations, which in his judgment are equivalent to or are likely to result in . . . rent increases . . . inconsistent with the purposes of this Act."

[2] The original petition for injunction was filed by Chester Bowles as Price Administrator. Petitioner Porter is his successor in office, and upon motion he has been substituted as petitioner in this Court.

Administrator was again dismissed on the ground of lack of jurisdiction.

The Price Administrator appealed from both District Court orders dismissing his complaints and made prompt application to the Circuit Court of Appeals for an injunction pending appeal in the first case. This motion was denied. The landlord moved to have the case dismissed as moot and in support of that motion filed an affidavit setting forth that the premises had been vacated by the Beevers. In response the Price Administrator submitted an affidavit by R. C. Beever stating that he had not vacated the apartment as a matter of choice, but had moved to several basements and into the home of his wife's parents because he was compelled to do so by a writ of possession which had been served on him. The Circuit Court of Appeals dismissed both cases as moot. We granted certiorari because of the obvious importance of the questions raised by the Federal District Court's dismissals for want of jurisdiction and the holding of the Circuit Court of Appeals that the proceedings had become moot.

First. As to jurisdiction, the provisions of the Price Control Act and the Rent Regulation for Housing, promulgated pursuant thereto and not challenged here, make it clear that the Price Administrator's allegations in his complaint before the District Court stated an enjoinable violation over which the District Court as an enforcement court ordinarily would have jurisdiction under § 205 (a) and (c) of the Act. But the landlord claims that here the District Court was without power to act because the provisions of § 205 (c) permit actions in state courts alone under the particular circumstances here. He relies on that part of subsection (c) which provides that "The district courts shall have jurisdiction of criminal proceedings for violations of section 4 of this Act, and, concurrently with State and Territorial courts, of all other proceedings under

section 205 of this Act." The landlord's argument is as follows: The Administrator's proceeding in the Federal District Court was a proceeding under § 205 over which the state courts have concurrent jurisdiction. The only issue in the federal proceeding would have been whether the landlord had legally sought to evict the Beevers because of nonpayment of rent or whether eviction was sought for other reasons in violation of the applicable regulation. That question could have been raised in the Justice of the Peace Court in view of its "concurrent" jurisdiction under § 205 (c). Since the Justice of the Peace Court action by the landlord was commenced prior to the Administrator's injunction proceeding in the federal court, the Justice of the Peace Court had acquired sole power to decide the crucial issue and the Federal District Court therefore lacked jurisdiction.

We think this contention is without merit. Section 205 (c) gives the state courts concurrent jurisdiction only over non-criminal enforcement "proceedings under section 205." *Bowles* v. *Willingham,* 321 U. S. 503, 511–512. Here the landlord's eviction proceeding in the Justice of the Peace Court clearly was not an enforcement proceeding authorized by the Act. It was, rather, if the allegations of the Administrator proved to be true, a violation of the Act. The state court's jurisdiction was based on state law and not on § 205 of the Price Control Act. It was therefore not part of the "concurrent" jurisdiction contemplated by § 205. Over the enforcement proceedings contemplated by that section not only did the District Court acquire jurisdiction first, but the state court never acquired any jurisdiction at all. It was consequently within the power of the Federal District Court to grant the injunction, provided the Government succeeded in proving the merits of its case.

To rule otherwise would require the Administrator to bring enforcement proceedings, in situations such as the

one before us, always in the state courts. Such a requirement would certainly not be in accord with the "concurrent" jurisdiction provision of § 205 (c). Or the Administrator in order to protect the public interest would always be forced to intervene in state court proceedings brought by the landlord. This procedure would be inadequate, because the speedy manner in which eviction suits are handled will frequently make it too late to intervene when the Administrator becomes aware of a violation. Furthermore, justice of the peace courts do not, at least ordinarily, have jurisdiction to grant injunctions to prevent future violations of the Act. Since there is nothing in the Act that limits the Administrator's action to intervention in the state courts, we see no reason, nor are we authorized, to so restrict him.[3]

Second. We also think the Circuit Court of Appeals erred in holding that the case was moot. The mere fact that the Beevers, in order to comply with the writ of possession, vacated the apartment was not enough to end the controversy. It has long been established that where a defendant with notice in an injunction proceeding completes the acts sought to be enjoined the court may by mandatory injunction restore the *status quo*. *Texas & New Orleans R. Co.* v. *Northside Belt R. Co.*, 276 U. S. 475, 479. The Administrator, therefore, was entitled to seek a restoration of the *status quo* in this case. See *Henderson* v. *Fleckinger*, 136 F. 2d 381–382. Moreover, here the Administrator sought to restrain not merely the eviction of Beever but also that of any other tenant of the landlord as well as other acts in violation of the Regulation. Section 205 (a) authorizes the District Court in its discretion to grant such a broad injunction upon a finding that the landlord has engaged in violations. See

---

[3] And for the reasons stated in *Porter* v. *Dicken, post,* p. 252, § 265 of the Judicial Code does not require a different result.

*Hecht Co.* v. *Bowles,* 321 U. S. 321. If the eviction proceeding actually was a violation of the Regulation, then Beever's vacating the premises was merely the completion of one violation. The issue as to whether future violations should be enjoined was still before the Court and was by no means moot.

The judgments of the Circuit Court of Appeals are reversed and the cases are remanded to the District Court for trial of the issues on the merits.

*It is so ordered.*

MR. JUSTICE JACKSON took no part in the consideration or decision of these cases.