**PORTER, Price Administrator, v. HARRISON.**

No. 4913.

District Court, E. D. Missouri, E. D.

Oct. 23, 1946.

George L. Robertson, Dist. Enforcement Atty., James D. Dockery, Dist. Litigation Atty., and Tom R. R. Ely, Enforcement Atty., OPA, all of St. Louis, Mo., for plaintiff.

Karol A. Korngold, of St. Louis, Mo., for defendant.

HULEN, District Judge.

This case is before the Court after hearing on plaintiff's complaint seeking a final injunction to restrain the defendant from evicting Mr. and Mrs. Charles Doeppel from an apartment and premises within the St. Louis Defense Rental Area "for any cause * * * other than those provided for in the Rent Regulation applicable to such housing accommodations". Plaintiff is proceeding under the provisions of the Emergency Price Control Act of 1942, 50 U.S.C.A.Appendix, § 901 et seq. By answer defendant admits it is a landlord as defined in Rent Regulations for Housing [8 F.R. 7322] and that it will evict the tenants from the premises described in the complaint unless restrained by order of this Court. Defendant denies that it has engaged in any acts constituting a violation of Rent Regulation for Housing, or of the Emergency Price Control Act. The jurisdiction of this Court to proceed with this action is challenged.

The premises involved is a second floor apartment consisting of seven rooms. The tenancy commenced in 1940. By agreement with the landlord's agent, the tenants were permitted to use two of the rooms to conduct a physical therapy vocation. During part of 1940, 1941, and up until March 1942, the physical therapy business was conducted at another location. The landlord permitted it to be moved back into the apartment on the latter date. There was evidence defendant purchased the apartment in October of 1945. The evi-

dence is not conclusive the defendant had knowledge of the physical therapy business being conducted in the apartment at the time of purchase. Some complaint was made by the defendant to the tenants as to excessive use of hot water, also as to conducting the physical therapy business in the apartment. This testimony we do not consider material. Defendant is not contending that the operation of the physical therapy business converted the apartment into business property, not subject to rent regulations. The evidence would not sustain this claim.

The real issue revolves around the following facts:

(1) On May 27, 1946, defendant notified the tenants that they were using the premises contrary to the purposes for which they were rented, namely "for the operation of a health and massage institute". This notice advised the tenants that unless they ceased use of the premises for such business purposes "within three days,. action will be taken to evict you from said premises".

(2) On June 3, 1946, a notice was given to the tenants to vacate on July 16, 1946. This notice stated that

"The ground under paragraph (a) of Section 6 of the Rent Regulation for Housing upon which you are to surrender such possession is:

"You have violated a substantial obligation of your tenancy, other than an obligation to pay rent, and have continued and failed to cure such violation after written notice thereof by the landlord that the violation cease, and further that you are committing or permitting a nuisance in the operation of said premises."

(3) A copy of the notice referred to above was sent to the Office of Price Administration on or about July 4, 1946.

(4) On August 8, 1946, a suit in "unlawful detainer" was filed before a Justice of the Peace against the tenants.

(5) The Justice of the Peace entered judgment finding the tenants guilty of "unlawful detainer" and ordering possession returned to the landlord, defendant herein. An appeal is now pending in that case.

It is our opinion that the decision in this case must turn upon the character of suit which the landlord instituted against the tenants and reduced to judgment. By brief defendant states "the complaint in unlawful detainer was premised solely on the fact that the tenant had violated his obligations as a tenant" and on notice "such violation did not cease", and that the "complaint set forth all required facts".

The "Affidavit and Complaint in Unlawful Detainer", filed as an exhibit in this case, states

" * * * that on the 16th day of July, 1946, the plaintiff had the legal right to the possession of the following described premises, situated in the aforesaid Ninth District [being the district of the Justice of the Peace before whom the case was filed] of the City of St. Louis, to-wit: The certain premises numbered 5474 Delmar Boulevard, second floor; and that the said defendants willfully, wrongfully, and without force, hold the possession of said premises after the termination of the time for which they were let to them, and after demand made in writing for the delivery of the possession thereof.

"Plaintiff further states that he has sustained damages by reason of the unlawful detainer aforesaid in the sum of One Hundred Dollars ($100.00), and that the value of the monthly rents and profits of said tenement is Sixty Dollars ($60.00)."

As we read the complaint and the proceedings before the Justice of the Peace initiated by the defendant landlord against the tenants, it was not an enforcement proceeding authorized by the Emergency Price Control Act and the Rent Regulation for Housing. The Justice of the Peace's jurisdiction was based on a state law; not on Section 205 of the Price Control Act, as claimed by the defendant. See Sec. 2447, R.S.Mo.1929, Mo.R.S.A. § 2833, where unlawful detainer is defined as existing when any person "willfully and without force hold over any lands, * * * after the termination of the time for which they were * * * let to him". This is the language of the complaint filed by the defendant before the Justice of the Peace. The complaint follows the language of the

form found in the footnotes to Section 2450, R.S.Mo.1929, Mo.R.S.A. § 2836. The complaint is sworn to as called for by the same section of the Missouri statute. The summons is in the form provided for by Section 2451, R.S.Mo.1929, Mo.R.S.A. § 2837. The conduct of the defendant and the institution by the plaintiff of the present case bring it within the ruling of the Supreme Court in Porter, Administrator, Office of Price Administration v. Lee, 66 S.Ct. 1096, 1099, 90 L.Ed. ——. In the Lee case the landlord brought suit before a Justice of the Peace seeking "restitution to remove" the tenants on the ground of non-payment of rent. The Justice of the Peace entered a judgment directing eviction of the tenants. Thereafter the Price Administrator sought the jurisdiction of the Federal District Court to restrain enforcement and execution of the judgment of eviction. The jurisdiction of the District Court was challenged successfully in the lower court but on appeal the Supreme Court held that "* * * the landlord's eviction proceeding in the Justice of the Peace Court clearly was not an enforcement proceeding authorized by the Act. * * * The state court's jurisdiction was based on state law and not on Section 205 of the Price Control Act. * * * Over the enforcement proceedings contemplated by that section [205] not only did the District Court acquire jurisdiction first, but the state court never acquired any jurisdiction at all."

We believe the present case is more clearly within the mandate of the Supreme Court opinion because in the Lee case the issue for trial in the state court was "non-payment of rent". This is a ground for eviction under the Rent Regulation [Sec. 6(a) (3)]. In the present case the ground for removal stated in the complaint was because the tenant "holds the possession of said premises after the termination of the time for which they were let to him * * *". This is no ground for eviction under the Rent Regulation but is exclusively a ground for eviction under the Statutes of the State of Missouri.

There is a failure of proof of any cause for eviction of the tenants. Defendant's efforts to evict violate the Rent Regulation.

Findings of Fact

(1) Defendant is a landlord as defined by Rent Regulation for Housing and the housing accommodations herein involved are located within the St. Louis Defense Rental Area.

(2) Defendant has instituted proceedings for the purpose of evicting and will evict tenants from housing accommodations located in the St. Louis Defense Rental Area.

(3) Defendant has no grounds upon which to maintain eviction proceedings under the provisions of the Emergency Price Control Act of 1942 and the Rent Regulation for Housing promulgated under the Act by the Administrator, but the defendant is about to and will cause the eviction from premises at 5474 Delmar Boulevard of Mr. and Mrs. Charles Doeppel, unless restrained.

(4) The tenants named in the preceding finding are not in arrears in rent; have not violated a substantial obligation of their tenancy, and have not committed or permitted a nuisance on said rented premises, and they are not using or permitting said premises to be used for immoral or illegal purposes.

(5) The use of the two rooms of the apartment occupied by the tenants above-named for the operation of a health and massage institute and for giving physical therapy treatments is in accordance with the agreement by which the tenants rented and occupied said building on and prior to March 1, 1942.

Conclusions of Law

█ (1) Jurisdiction of this action is conferred upon this Court by Section 205 (e) of the Emergency Price Control Act of 1942.

█ (2) The defendant has and is now engaged in acts and practices which constitute violations of the Emergency Price Control Act of 1942 and the Rent Regulation for Housing promulgated thereunder, and unless the defendant is restrained by this Court he will continue the violation of said Act and regulation.

Judgment may be submitted.