## WOODS v. HORTON.

### No. 12530.

United States Court of Appeals
Fifth Circuit.

Dec. 14, 1948

Rehearing Denied Jan. 13, 1949.

Ed Dupree, Gen. Counsel, Hugo V. Prucha, Asst. Gen. Counsel, and William A. Moran, Sp. Litigation Atty., all of Washington, D.C., and J. Edwin Fleming, Litigation Atty., and H. C. Happ, Regional Atty., both of Dallas, Tex., for Housing Expediter.

James L. McNees, Jr., of Dallas, Tex., for appellee.

Before HUTCHESON, SIBLEY, and McCORD, Circuit Judges.

HUTCHESON, Circuit Judge.

The suit was brought under the Housing and Rent Act of 1947, as amended.[1] Upon allegations supported by affidavit that defendant had collected excessive rentals from Fox and wife, his tenants, and had instituted a forcible entry and detainer action in the Justice Court of Dallas County, Texas, plaintiff sought injunctive relief and restoration to the tenant of rent overcharges. The injunctive relief sought was an injunction restraining defendant from (1) exacting rents from the tenant in excess of the legal maximum, and (2) evicting or attempting to evict his tenant except as provided in Section 209 of the Act.

The defendant having answered, and evidence having been heard, the district judge found that defendant had exacted excess rents as charged. He, therefore, entered judgment as prayed requiring defendant to forthwith refund all overcharges and enjoining him from overcharging in the future. Declining, however, to enjoin him from prosecuting his action in the justice court, he denied plaintiff's prayer for that relief.

Appealing from that denial, plaintiff is here urging that the denial was error and insisting that the judgment must be reversed with directions to grant the relief prayed.

We agree with appellant. Indeed, his right to the injunction prayed for is so well settled by the cases as to require no more than a citation of them.[2]

The judgment appealed from is reversed and the cause is remanded with directions to grant the injunctive relief prayed for.

---

[1] 50 U.S.C.A.Appendix, § 1881 et seq.

[2] Fleming v. Sims, 5 Cir., 164 F.2d 153; Woods v. Schmid, 5 Cir., 164 F.2d 981; Fleming v. Rhodes, 331 U.S. 100, 67 S. Ct. 1140, 91 L.Ed. 1368; Porter v. Lee, 328 U.S. 246, 66 S.Ct. 1096, 90 L.Ed. 1199.