**WOODS, Housing Expediter, v. TRBUSEK.**

United States District Court
S. D. New York.

Feb. 18, 1949.

176

Sylvan D. Freeman, Chief Litigation Section, Office of Housing Expediter, of New York City (Emory Gardiner, Litigation Atty., on the brief), for plaintiff.

Nathan G. Goldberger, of New York City (Martin Gollubier, of New York City, of counsel), for defendant.

KAUFMAN, District Judge.

This action was instituted by the Housing Expediter for an injunction and for restitution to tenants of alleged overcharges of rent pursuant to Section 206(b) of the Housing and Rent Act of 1947, as amended, 50 U.S.C.A.Appendix, § 1881 et seq. Plaintiff has moved to strike three separate defenses asserted in the answer; defendant has made a cross motion to dismiss the complaint and to amend her answer.

## I.

The Second Defense of the defendant which alleges that the rentals charged were but the reasonable value of the premises must be stricken as irrelevant. That the rent charged is fair and equitable

when compared with rents collected in the surrounding area and vicinity is no defense when the premises are subject to maximum rent ceilings established by the Administrator. Nor can the latter's determination be impeached by such a showing absent full resort by the landlord to the administrative remedies accorded her by the Act and the Regulations promulgated thereunder.[1]

## II.

██ The Third Defense: "That the tenants of the unit rooms 1, 2, 3, 4, and 6, referred to in the complaint herein, were not and are not short term tenants, but were and are long term tenants"—must likewise be stricken as irrelevant. Under the statute and the regulations, no distinction is drawn as between long and short term tenants.

## III.

The motion to strike the First Defense and the cross-motion to dismiss present for determination the identical issue—may the Housing Expediter petition the court to restore rental overcharges when pursuing injunctive relief under Section 206(b) of the Housing and Rent Act of 1947, as amended?

Under Section 205(a) of the Emergency Price Control Act of 1942, as amended, 50 U.S.C.A.Appendix, § 925(a), empowering the Administrator to enjoin violations of the statute by resort to the courts, it was determined that restitution was a concomitant part of the injunctive relief afforded by that section of the Act and that a prayer by the Administrator for an injunction in equity was properly accompanied by a demand that rental overcharge, illegally obtained, be restored. Porter v. Warner Holding Co., 328 U.S. 395, 66 S.Ct. 1086, 90 L.Ed. 1332; Creedon v. Randolph, 5 Cir., 165 F.2d 918; Cobleigh v. Woods, 1 Cir. 1949, 172 F.2d 167. Thus the Housing

Administrator was afforded the right to demand restitution of moneys received in excess of the maximum rent ceiling in addition to the power accorded him by Section 205(e) of the Act, 50 U.S.C.A.Appendix, § 925(e), to maintain suits for treble damages in the courts where the tenants had neglected to sue therefor.

██ While the Housing and Rent Act of 1947 no longer permits the Expediter to recover triple the rent overcharge in the courts and restricts this remedy solely to tenants, Section 206(b) of that Act authorizes, in substantially the same language as Section 205(a) of the Emergency Price Control Act of 1942, as amended, the Housing Expediter to obtain injunctive relief. There has been no abatement of the power to obtain restitution. Gates v. Woods, 4 Cir., 169 F.2d 440; Creedon v. Bowman, D.C., 75 F.Supp. 265; Woods v. Horton, 5 Cir. 1948, 171 F.2d 545.

## IV.

██ The remaining issues presented have no substance. This action by the Housing Expediter is not subject to the one year statute of limitation contained in Section 205 of the Housing and Rent Act of 1947, as amended. See Blood v. Fleming, 10 Cir., 161 F.2d 292; Creedon v. Randolph, supra; Warner Holding Co. v. Creedon, 8 Cir., 166 F.2d 119. The Expediter is pursuing remedies conferred by statute and is the real party in interest; the tenants may be added as parties if it should appear necessary. Porter v. Warner Holding Co., supra. The long history of alleged overcharges is ample factual background for the equitable relief sought.

The motion to strike is granted; the motion to dismiss and request for permission to amend the answer is denied as indicated above.

Settle order.

[1] Section 5(a) (11) of Controlled Housing Rent Regulation for New York City Defense-Rental Area provides for administrative adjustment of rents which are lower than those generally prevailing in the surrounding area.