## UNITED STATES v. PINKSTON.
### Civ. A. No. 1714.

United States District Court
W. D. Kentucky, at Louisville.

Aug. 10, 1949.

Paul Marshall, Attorney, Office of Housing Expediter, Cleveland, Ohio, for plaintiff.

Laurence E. Higgins, Louisville, Ky., for defendant.

SHELBOURNE, Chief Judge.

This case is before the Court upon the plaintiff's motion for a summary judgment.

The action was instituted by the Government through the Office of the Housing Expediter pursuant to authority provided in Section 204(a) of the Housing and Rent Act of 1949 and Sections 205 and 206(b) of the Housing and Rent Act of 1947, as now amended, 50 U.S.C.A.Appendix, §§ 1895, 1896(b).

It is alleged that the defendant has violated Sections 206(a) and 204(b) of the Act, 50 U.S.C.A.Appendix, §§ 1894(b) 1896(a), by charging his tenant, William J. Lassetter, rent in excess of the maximum rent permissible under the Act; that from September 14, 1948, to February 1, 1949, the defendant received $12 per week for an apartment within the controlled premises in violation of an order of the Rent Director entered about March 10, 1949, pursuant to Sections 5(c) (1) and 4(e) of the Rent Regulation, which order was made effective as of September 14, 1948, and decreased the then maximum legal rent from $11 per week to $4.50 per week, and which order directed a refund by the defendant of

the overcharges within thirty days from the date of said order.

Plaintiff alleges that the refund was not made and that the tenant had failed for thirty days next before the institution of this action to seek recovery. The recovery is sought for the benefit of the tenant and treble the amount of the overcharge together with an injunction prohibiting further violation of the order.

The answer of the defendant admits the collection of rent at the rate of $12 per week but affirmatively alleges that the overcharge was not wilful and was not the result of the defendant's failure to take practicable precaution against the alleged violation.

The motion for summary judgment seeks a judgment in the amount of the overcharge and the injunction. Defendant filed objection to the motion for summary judgment largely upon the ground he would be deprived of the affirmative defense alleged in his answer.

■ Motion for summary judgment is granted. The motion for summary judgment admits for the purpose of disposing of this case the validity of the defendant's defense against treble damages. Bates v. McClees, D.C.Pa., 76 F.Supp. 939; Creedon v. Stone, 6 Cir., 163 F.2d 393. In the last case the Court limited recovery to the overcharge where the affirmative defense of no wilfulness, no failure to take practicable precaution against violation was proven.

Section 205 of the 1947 Act as amended provides for the defense of no wilfulness and no lack of failure to take practicable precautions against the occurrence of violations and provides further that such defense when established will bar recovery except to the extent of the single amount of the overcharge.

It will thus be seen that where the plaintiff seeks a summary judgment for the single amount of the overcharge a defendant is not denied but receives full benefit of this affirmative defense and can not thereby be prejudiced.

■ The injunction should also issue because the defendant admits violations of the Act in the face of a valid order made by the Area Rent Director. The fact that the tenant has vacated the premises is of no concern on the injunctive phase of the case. In the case of Porter v. Lee, 328 U. S. 246, 66 S.Ct. 1096, 90 L.Ed. 1199, the Supreme Court held that the vacation of the premises by a tenant was not ground for refusing the injunction where future violations were sought to be enjoined. See also Henderson v. Baldwin, D.C., 54 F.Supp. 438, in which it is held that the landlord's discontinuance of a practice complained of does not prevent the issuance of injunction to prevent future violations.

Nowhere in the record is there any statement on the part of the defendant by answer or affidavit constituting a denial of the violation complained of.

Judgment granting summary judgment for single the amount of the overcharge and for the injunctive relief sought may be presented by counsel for the plaintiff.