## UNITED STATES v. 90–96 BELMONT AVE. CORP. et al.

### Civ. A. No. 784–50.

United States District Court
D. New Jersey.

Jan. 30, 1951.

George G. Allen, Chief Litigation Section, Office of the Housing Expediter Newark, N. J. (Samuel Schiff, New York City, on the brief), for plaintiff.

Parsonnet, Weitzman & Oransky, and Samuel Weitzman, all of Newark, N. J., for defendant.

MEANEY, District Judge.

Findings of Fact

1. In this action the plaintiff seeks to restrain defendants from evicting the tenants of a flat in Newark.

2. In July, 1950 Solon Fenner and Kathleen Fenner, his wife, rented a first-floor, five-room flat and a store from the defendant corporation through its agent, David S. Davidson, for a monthly rental of $65. The tenants paid $65. for the first month but tendered only $30. as rent for the second and subsequent months, stating that they desired only the flat and not the store.

3. The landlord has refused to accept the $30. per month tendered and has obtained an order of eviction from the Essex County District Court on the ground of non-payment of rent.

4. The maximum legal rent for the flat is $26. per month; the rent for the store itself is not controlled.

5. The store, located in the front of the building, has no water or toilet facilities. It is in a condition of disrepair, having holes in the floor and walls, and leaks in the roof. When inspected by an inspector from the Office of the Housing Expediter, it was found that some of the floor boards were rotted, plaster had fallen from the walls, and a large portion of the ceiling boards were hanging down; the panes of glass on two doors were out, and boards had been used to cover the openings. When rented to the Fenners, the door leading to the inner hallway was nailed shut. The other door was padlocked, and the key given to the tenants did not fit the padlock. The flat is located directly behind the store but is not connected directly therewith, being separated by a hallway which provides access to the second-floor flat as well as the first-floor flat occupied by the Fenners.

6. The flat and the store are capable of being used independently of each other and are therefore separable within the meaning of the interpretations of the Office of the Housing Expediter.

7. There was some conflict in the testimony as to whether the tenants represented to the landlord that they had need for the store. Whether or not this is so, however, is immaterial in this action by the Government.

8. It was the intention of the landlord to rent the store and flat together as a unit. It appears that the store had remained vacant for a number of years, and when the previous tenant vacated the flat it was decided that the flat would not be rented without the store.

9. In the advanced state of disrepair to which the store had come, its rental value would be very little. It could not be used as a store without extensive repairs. The portion of the agreed rent allotted to the store, namely $39 per month, is excessive in view of its dilapidated condition and location. Therefore it seems that the purpose of requiring the units to be rented together was not so much to make water and toilet facilities available to a prospective storekeeper as to secure a higher rent for the dwelling quarters than that fixed pursuant to law. Persuasive, also, on this point is the fact, alluded to above, that the key given the tenants did not fit the padlock.

## Discussion

The Housing and Rent Act, 50 U.S.C.A. Appendix, § 1881 et seq., hereinafter called the Act, prohibits the demanding or accepting of " * * * any rent for the use or occupancy of any controlled housing accommodations in excess of the maximum rent * * * ", 50 U.S.C.A.Appendix, § 1896. It also authorizes regulation of speculative or manipulative practices which are likely to result in rent increases inconsistent with the purposes of the Act, 50 U.S.C.A.Appendix, § 1899. Pertinent, too, in a consideration of this case is the fact that the Act does not exempt from control housing accommodations which are rented together with premises not under control.

Pursuant to lawfully delegated authority, regulations have been issued which are helpful in the solution of the problem at hand. The regulations, 24 C.F.R. 825.8, specifically prohibit evasion by means of tying agreements. The arrangement used here to require renting of a useless store as a condition of renting the dwelling, appears to be a tying agreement within the meaning of the regulations. Such a practice, if allowed to continue, would thwart the purpose of the Act by indirectly increasing the rent for the dwelling portion of the premises. The court concludes, therefore, that the Act has been violated and an appropriate restraint should be issued.

It is interesting to note that the interpretations, 6 OHE Manual § 1, Definitions-III, set forth in the margin,[1] do not fore-

1. Interpretation 1 of section 1 provides as follows:
"1. Where Business and Dwelling Portions Are Rented to Single Tenant but are Separable.

"a. Where the business and dwelling portions are rented to a single tenant, but are separable from each other, only the dwelling portion is subject to the regulations.

close the possibility of renting dwelling accommodations and business accommodations together validly. However, it must be done in a manner which will not indirectly result in an over-ceiling rent for the dwelling accommodations.

### Conclusions of Law

■ 1. The court has jurisdiction of the parties and of the subject matter of this action, 50 U.S.C.A.Appendix, § 1896, 28 U.S.C.A. § 1345, Woods v. Bomboy, 3 Cir., 1950, 179 F.2d 565, even though proceedings for eviction have been under way in a state court. Cf. Porter v. Lee, 328 U.S. 246, 66 S.Ct. 1096, 90 L.Ed. 1199.

■ 2. Defendants' conduct in requiring rental of the store as a condition of renting the dwelling accommodations, under the facts here found, constituted a violation of the Act.

■ 3. Eviction on the ground of nonpayment of rent is denied to defendants as an available remedy in the circumstances existing in this case since the tenant has tendered more than the rent to which the landlord is entitled for the dwelling accommodations. 24 C.F.R. 825.6.

4. Plaintiff is entitled to an injunction in accordance with but limited to the findings and conclusions herein expressed. See: Woods v. Polis, 3 Cir., 1950, 180 F.2d 4.

"b. The business and dwelling portions are separable where the physical characteristics of the property are such that it is feasible for a tenant to occupy the dwelling portion, while some other person uses the business portion. Thus, the business and dwelling portions are clearly separable where they are in separate structures. Where both portions are in the same structure they are separable if the following conditions exist:

"(1) There are separate means of access; and

"(2) The business and dwelling portions are each usable for their respective purposes without access to the other portion; and

"(3) The dwelling portion is, or can readily be, completely shut off from the business portion.

"For example, where a structure contains a store on the first floor and an apartment on the second floor, and the entrance to the apartment is through a stairway which runs outside the store so that the tenant of the apartment has access to it without going through the store, the store and the apartment are separable.

"c. Where premises do not in some particular respect comply with the test of separability just stated, they may nevertheless be found separable if it is very clear that, in accordance with the standards and practices of the community, it is feasible for the tenant to occupy the dwelling portion while the business portion is used by some other person."

Interpretation 7 of section 1 provides as follows:

"7. Rental of Business Portion as Condition on Renting of Dwelling Portion.

"Where the business and dwelling portions, which are separable, are vacant and available for rent, the question arises whether the landlord may insist upon renting both portions to a single tenant, that is, whether he may require, as a condition to renting the dwelling portion, that the prospective tenant also rent the business portion. Such a requirement by the landlord would be permissible if the structure is of such size and character that both the business and dwelling portions are commonly operated by the same tenant. Of course, the total rent charged for the two portions combined must be such that the difference between such total rent and the established maximum rent for the dwelling portion is not considerably out of line with the actual rental value of the business portion."