857 F.2d 1469
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Shirley HINES, Plaintiff-Appellant,
v.
The UNITED STATES ATTORNEY GENERAL; U.S. Department of
Housing & Urban Development, Defendants-Appellees.
 No. 88-3064.
 United States Court of Appeals, Fourth Circuit.
 Submitted: July 12, 1988.
Decided: Sept. 7, 1988.
 
 Shirley Hines, Appellant Pro Se.
 Before JAMES DICKSON PHILLIPS, SPROUSE and WILKINSON, Circuit Judges.
 PER CURIAM:
 
 
 1
 Appellant filed suit in the district court to enjoin the foreclosure sale of her house by the U.S. Department of Housing and Development (HUD) and sought leave to proceed in forma pauperis. The district court denied appellant's application initially and on reconsideration, concluding that the information furnished in the affidavits filed with her requests did not justify granting permission to proceed in forma pauperis. Thereafter, plaintiff moved for leave to proceed on appeal in forma pauperis. Appellant's motion was not accompanied by an affidavit. The motion states, however, that appellant's house was sold at a public auction and purchased by HUD for $67,000 and that she will have to vacate the premises shortly. The district court stated that appellant's underlying claim for an injunction against foreclosure appears moot. The district court also denied appellant's motion to proceed in forma pauperis on appeal because she had an income through self-employment, owned real property worth $50,000, and because her husband received social security assistance.
 
 I. MOOTNESS
 
 2
 It is well established that "where a defendant with notice in an injunction proceeding completes the acts sought to be enjoined the court may by mandatory injunction restore the status quo." Porter v. Lee, 328 U.S. 246, 251 (1946). See Industrial Bank of Washington v. Tobriner, 405 F.2d 1321, 1323 (D.C.Cir.1968); Ramsburg v. American Investment Co., 231 F.2d 333 (7th Cir.1956) (mandatory injunction may issue to dissolve merger completed on same day motion for temporary injunction denied, where parties had notice that denial of injunction would be appealed). But see Moore v. McDonald, 165 Minn. 484, 205 N.W. 894 (1925) (in a suit where petitioners sought a temporary injunction that would have halted the building of a bridge, and where the bridge had already been built by the time the case reached the Supreme Court, the appeal was found moot because a reversal would have accomplished nothing).
 
 
 3
 This is not a case where an irreversible action has occurred, the status quo cannot be restored, or this Court's judgment cannot have a practical affect upon the existing controversy. Although it appears that the foreclosure sale sought to be enjoined has already taken place, the court may by mandatory injunction restore the status quo. Nor is this a case in which the absence of a party to the transaction at issue disarms the court from granting effective relief. See, e.g., Evans v. Family Sav. and Loan Ass'n, 481 A.2d 1309 (D.C.1984) (where mortgaged property was sold at a foreclosure sale and foreclosure sale purchaser was not a party to the proceedings, appeal was held moot because there was no way in which effective relief could be granted); Fink v. Continental Foundry & Machinery Co., 240 F.2d 369 (7th Cir.), cert. denied, 354 U.S. 938 (1957) (sale of corporate assets pending appeal of an action brought to prevent the sale renders the action moot where purchasers were not before court). Both parties necessary to the effective review and disposition of this controversy are present before this Court as they were before the district court. Therefore, we will reach the merits of this case. See, Federal Trade Comm'n v. Weyerhaeuser Co., 665 F.2d 1072 (D.C.Cir.1981) (action to enjoin merger not mooted by completion of merger pending appeal where all necessary parties were before the court); Bastian v. Lakefront Realty Corp., 581 F.2d 685 (7th Cir.1978) (shareholder suit to enjoin corporate sale of property to purchaser not mooted by completion of sale pending appeal where vendor and purchaser were parties to the suit); Industrial Bank of Washington v. Tobriner, 405 F.2d 1321 (D.C.Cir.1968) (suit to enjoin issuance of tax deed to purchaser not mooted by issuance of deed pending appeal where tax commissioners and purchaser were parties to the suit).
 
 II. LEAVE TO PROCEED IN FORMA PAUPERIS
 
 4
 In her initial application for leave to proceed in forma pauperis, appellant stated that she was self-employed at Citizens Press American Publications, Inc., from which she did not receive a salary but drew $40 per week for an expense account. She stated that she does not have money in either a checking or savings account. She also stated that she either owned or had an interest in real estate valued at $55,000 which was subject to a pending foreclosure sale. She stated that she shares support for her daughter, Schirea Hines. In her request for reconsideration, she adds that she wishes to prosecute this action in the name of Shirley and Wallace Hines and that Wallace receives $231 per month from Social Services. She states that she and Wallace will have no place to go if the house is sold. Finally, she stated that she and her husband provide the total support for Schirea Hines.
 
 
 5
 28 U.S.C. Sec. 1915(a) authorizes a court to waive fees and costs for persons who are unable to pay the required costs. A potential litigant does not have to be "absolutely destitute to enjoy the benefits of this statute." Adkins v. E.I. DuPont De Nemours & Co., 335 U.S. 331, 339 (1948). No party must be made to chose between abandoning a potentially meritorious claim or foregoing the necessities of life. To construe the statute otherwise would be to "throw its beneficiaries into the category of public charges."
 
 
 6
 In Handley v. Union Carbide Corp., 622 F.Supp. 1065 (S.D.W.Va.1985), the district court held that plaintiffs were entitled to proceed on appeal in forma pauperis where plaintiffs were unemployed, their checking and savings accounts totaled approximately $100, monthly expenses exceeded monthly gross income, and their income did not allow for interest or principal payments on any loan against their equity in their home. In the instant case the district court deduced that if plaintiff was self-employed, she must own some interest in the business. However, the district court did not make a determination regarding the extent of the interest or its value. Further her home was subject to the pending foreclosure sale and, therefore, could not provide a source of liquid assets from which to pay the filing fee. Plaintiff indicated on her second application for IFP, which should generally be accepted at face value, see Watson v. Ault, 525 F.2d 886 (5th Cir.1976), that she owned no cash and received no personal income. As was the case with the plaintiffs in Watson, it is unlikely that a lending institution would advance a loan to plaintiff with no reliable income stream available. Plaintiff also indicated that the $231 that Wallace Hines receives monthly is used to support himself, plaintiff, and Schirea Hines. Hence plaintiffs in the instant case are also similarly situated with the Handley plaintiffs because the monthly income for the plaintiff before this Court is apparently consumed by their monthly living expenses.
 
 
 7
 Under these circumstances, the district court abused its discretion in denying plaintiff in forma pauperis status. Accordingly, we grant leave to proceed in forma pauperis on appeal, vacate the judgment of the district court denying leave to proceed in forma pauperis, and remand with directions to allow the plaintiff to proceed in forma pauperis.
 
 
 8
 VACATED and REMANDED.