PORTER, PRICE ADMINISTRATOR, *v.* DICKEN
ET AL.

No. 1118. Argued May 13, 1946.—Decided May 27, 1946.

*Robert L. Stern* argued the cause for petitioner. With him on the brief were *Solicitor General McGrath, Milton Klein* and *Irving M. Gruber.*

Submitted on brief by respondents, *pro se.*

MR. JUSTICE BLACK delivered the opinion of the Court.

This case, like *Porter* v. *Lee, ante,* p. 246, involves the jurisdiction of the Federal District Court to grant an injunction, sought by the Price Administrator under § 205 (a) of the Emergency Price Control Act, to restrain eviction of a tenant under an order of a state court where the Administrator alleges that eviction would violate the Act and valid regulations promulgated pursuant to it. Briefly stated the circumstances of the controversy are these: B. M. Murray, as executor of an estate, pursuant to authority granted him by the Probate Court of Franklin County, Ohio, sold a house located within the Columbus Defense Rental Area. A writ of possession directing the sheriff of the County to evict the tenant and to place the respondent purchasers in possession was obtained in the Probate Court. No certificate authorizing the eviction was sought or obtained from the Price Administrator as is required by § 6 of the Rent Regulation for Housing. 10 F. R. 3436, 13528. Before the sheriff executed the writ the Price Administrator brought this action for an injunction in the Federal District Court. The District Court issued a temporary restraining order but later dismissed the complaint on the ground that § 265 of the Judicial Code, 28 U. S. C. 379, deprived the Federal District Court of jurisdiction to stay the proceedings in the state court.

This section provides that: "The writ of injunction shall not be granted by any court of the United States to stay proceedings in any court of a State, except in cases where such injunction may be authorized by any law relating to proceedings in bankruptcy." The District Court in dismissing the cause entered an order restraining respondents from evicting the tenant pending determination by the Circuit Court of Appeals for an application for an injunction prohibiting the eviction pending an appeal to that Court. The Administrator made this application in the Circuit Court of Appeals, but it was denied, thus removing all obstacles to eviction of the tenant. The Circuit Court of Appeals has not heard this case. In order to prevent eviction of the tenant, the Administrator sought and obtained from Mr. Justice Reed an injunction pending final disposition of this case in this Court and applied for certiorari directly to this Court under § 240 (a) of the Judicial Code, which authorizes us to grant certiorari "either before or after a judgment or decree by such lower court . . ." We were prompted to bring the District Court's judgment directly to this Court for review by reason of the close relationship of the important question raised to the question presented in *Porter* v. *Lee, ante,* p. 246.

The District Court was of the opinion that since § 205 (c) of the Act gave concurrent jurisdiction to state courts to grant relief by injunction, the policy of § 265 against federal injunctions of state proceedings should not be considered impaired by the Emergency Price Control Act. The District Court's conclusion was that if the Administrator wanted an injunction to restrain eviction under state court procedure he should have gone into some state court that had jurisdiction of the cause. The District Court erred in holding that the policy of § 265 of the Judicial Code should not be considered impaired by the Emergency Price Control Act. While we realize that § 265 embodies a long-standing governmental policy to

prevent unnecessary friction between state and federal courts, *Toucey* v. *New York Life Insurance Co.*, 314 U. S. 118, we still hold as we held in *Bowles* v. *Willingham*, 321 U. S. 503, that § 205 of the Price. Control Act which authorizes the Price Administrator to seek injunctive relief in appropriate courts, including federal district courts, is an implied legislative amendment to § 265, creating an exception to its broad prohibition.[1] This is true because § 205 authorizes the Price Administrator to bring injunction proceedings to enforce the Act in either state or federal courts, and this authority is broad enough to justify an injunction to restrain state court evictions. But if § 265 controls, as the District Court held, the Administrator here could not proceed in the federal court, since there is a proceeding pending in a state court. Since the provisions of the Price Control Act, enacted long after § 265, do not compel the Administrator to go into the state courts but leave him free to seek relief in the federal courts, he was not barred by § 265 from seeking an injunction to restrain an unlawful eviction. Cf. *Hale* v. *Bimco Trading, Inc.*, 306 U. S. 375.

The judgment of the District Court is reversed and the case is remanded to that Court to exercise the jurisdiction conferred upon it by § 205 of the Emergency Price Control Act.

*Reversed and remanded.*

MR. JUSTICE JACKSON took no part in the consideration or decision of this case.

---

[1] An alternative reason given for the decision in the *Willingham* case was that, since the state court there was attempting to enjoin the Administrator from performing his duties under the Act, the District Court had power both under § 205 (a) of the Act and § 24 (1) of the Judicial Code to protect the exclusive federal jurisdiction which Congress had granted. But our opinion did not, as the District Court thought, depend entirely on this alternative ground.