WOODS, Housing Expediter, v. PALUMBO.

Civ. A. No. 3219.

United States District Court
M. D. Pennsylvania.

Sept. 17, 1948.

Joseph J. Strassman, of Philadelphia, Pa., and Horace R. Cardoni, of Scranton, Pa., for plaintiff.

Carl Carey, of Scranton, Pa., for defendant.

MURPHY, District Judge.

Petitioner seeks under Section 206 (b) to enjoin respondent from alleged violation of Sections 206(a), 209(a) of the

Housing and Rent Act of 1947, as amended.[1] Respondent moved to dismiss the complaint and restraining order issued pursuant thereto on the ground that no claim was stated upon which relief could be granted, and lack of jurisdiction of the subject matter and the person. Respondent contended that, since prior to filing the complaint herein eviction proceedings had been commenced in the Pennsylvania State Court, this court was without jurisdiction by virtue of 28 U.S.C.A. § 2283.

We denied the motion to dismiss because the complaint stated an enjoinable violation over which this court has jurisdiction. Porter, Price Administrator v. Lee, 1946, 328 U.S. 246, 66 S.Ct. 1096, 90 L. Ed. 1199; Porter, Price Administrator v. Dicken, 1946, 328 U.S. 252, 66 S.Ct. 1094, 90 L.Ed. 1203; Fleming, Temporary Controls Administrator v. Rhodes, 1947, 331 U.S. 100, at pages 104, 107, 67 S.Ct. 1140, 91 L.Ed. 1368.

From the answer filed, stipulations at the hearing on the merits, and the testimony, we find the parties are in agreement as to the facts. The difference between them is one of law.

It was agreed that the parties named were tenants by virtue of written leases; that the defendant was the landlord of the housing accommodations in question; that the tenants had complied with their obligations under the respective leases as to payment of rent; and that the premises involved are defense-rental area housing accommodations.

It was also agreed that on April 16, 1948, the respondent landlord sent to the tenants involved a notice to vacate, purporting to comply with Section 209(a) (5) of the Act. However, on the same date a letter was sent to the respective tenants by counsel for the respondent, the same counsel that represented him throughout these proceedings. It will be noted that whereas the letter from the landlord stated that: "Possession is requested pursuant to Section 209(a) (5) * * * which relates to the withdrawing of the housing accommodations from the rental market";

the letter sent by counsel for respondent stated inter alia:

"Mr. Palumbo regrets the giving of this notice, however, he desires to sell the property and that can be best done by being able to sell a house without occupancy.

"If there are any questions on this matter may I suggest that you consult an attorney or the local rent office because it would be unfortunate if it will become necessary to institute legal proceedings, involving an ejectment by the Sheriff which will only mean added expenses and costs to you."

■ The defendant was bound by the act of his counsel. Lenox Clothes Shops, Inc. v. Commissioner, 6 Cir., 1943, 139 F.2d 56, at page 59; Oscanyan v. Winchester Repeating Arms Co., 1880, 103 U.S. 261, at page 263, 26 L.Ed. 539; Clark & Wilson Lumber Co. of Delaware v. McAllister, 9 Cir., 1939, 101 F.2d 709, at page 713.

When the matter was called to the attention of the Area Rent Director, notice was sent June 8, 1948, to the landlord advising him that he was attempting to evict contrary to the provisions of Section 209 aforesaid. Notwithstanding said notice, respondent on July 7, 1948, commenced eviction proceedings in the State court, following which the complaint herein involved was filed.

Respondent testified that he was engaged in the business of buying and selling real estate; that he purchased the property and thereafter attempted to sell it; that he could not sell it with the tenants occupying it. In answer to a question by the court, "Do you want to remove them as tenants in order to make it (the property) more readily salable?" respondent answered, "Yes". Although there was nothing to that effect in the answer respondent later testified that if he was unable to sell the property he intended to convert it from two into four apartments.

Section 209 of the Act permits an action or proceeding to recover possession of controlled housing accommmodations for various reasons, e. g., Section 209(a) (2) when the landlord seeks in good faith to

---

[1] 50 U.S.C.A.Appendix, §§ 1896(a, b), 1899(a).

recover possession for his immediate and personal use and occupancy, or that of a member or members of his immediate family; Section 209(a) (3) where "the landlord has in good faith contracted in writing to sell the housing accommodations to a purchaser for the immediate and personal use and occupancy as housing accommodations by such purchaser;" section 209(a) (4) "the landlord seeks in good faith to recover possession of such housing accommodations (A) for the immediate purpose of substantially altering or remodeling the same for continued use as housing accommodations, or for the immediate purpose of conversion into additional housing accommodations, and the altering, remodeling, or conversion cannot practically be done with the tenant in occupancy, and the landlord has obtained such approval as may be required by Federal, State, or local law for the alterations, remodeling, or any conversion planned, or (B) for the immediate purpose of demolishing such housing accommodations"; Section 209(a) (5) "the landlord seeks in good faith to recover possession of such housing accommodations for the immediate purpose of withdrawing such housing accommodations from the rental market, and such housing accommodations shall not thereafter be offered for rent as such"; Section 209(c) "No tenant shall be obliged to surrender possession of any housing accommodations pursuant to the provisions of paragraph (2), (3), (4), (5), * * * of subsection (a) until the expiration of at least sixty days after written notice from the landlord that he desires to recover possession of such housing accommodations for one of the purposes specified in such paragraphs."

█ Obviously respondent did not comply witth the provisions of subsection (a) (2, 3), (4) (A) or (4) (B), and did not comply with subsection (c). Respondent contends that he did comply with the provisions of subsection (a) (5) and subsection (c). But the letter written by his counsel and by which respondent is bound negatives the existence of the good faith requirement.

Respondent's notice advised the tenants he intended to remove the housing accommodations from the rental market, and that they would not thereafter be offered for rent as such. He had a right to do so providing he was acting in good faith. If, as his counsel stated, he desired to "sell the property and that could be best done by being able to sell a house without occupancy", or as respondent stated that he wanted to remove the tenants in order to make the property more salable, the proceeding purporting to be under Section 209(a) (5) was not in good faith because there was no bona fide intention to remove the housing accommodations from the rental market.

He could obtain possession for sale, only by compliance with the conditions of Section 209(a) (3). If he desired to increase the number of apartments, and this could not be done while the premises were occupied, respondent could obtain possession by complying with the provisions of Section 209(a) (4) (A).

█ Respondent's counsel contends for a strict, literal reading of the Act, citing Commissioner of Immigration v. Gottlieb, 265 U.S. 310, 44 S.Ct. 528, 68 L.Ed. 1031, and Alaska S. S. Co. v. United States, 290 U.S. 256, 54 S.Ct. 159, 78 L.Ed. 302, and argues that respondent had a right to sell to anyone he chose. He does have such a right but he cannot remove the tenants to do so. Likewise counsel argues that the only restriction of Section 209(a) (5) is that respondent shall not, after obtaining possession of the premises unoccupied, restore it to the rental market, but the one he sells the property to may do so. To agree to such a construction would defeat the purpose of this legislation.

"The legislative history of the present Act makes abundantly clear that there has not yet been eliminated the deficit in housing which in considerable measure was caused by the heavy demobilization of veterans and by the cessation or reduction in residential construction during the period of hostility due to the allocation of building materials to military projects." Woods, Housing Expediter v. Cloyd W. Miller, 1948, 333 U.S. 138, at page 142, 68 S.Ct. 421, 423, 92 L.Ed. ——.

"Under the present Act the Housing Expediter is authorized to remove the rent controls in any defense-rental area if in his judgment the need no longer exists by reason of new construction or satisfaction of demand in other ways." Id., 333 U.S. at page 144, 68 S.Ct. at page 424.

Until those controls are removed by the Congress or by the Housing Expediter, they must be respected and obeyed.

■ The amendments to the Act became effective April 1, 1948. On May 25, 1948, the Office of the Housing Expediter, issued a memorandum known as Housing and Rent Memorandum No. 51,[2] which provides inter alia that eviction may not be obtained for the purpose of sale, except where the sale is being made in compliance with the provisions of Section 209(a) (3).

The right of an administrative agency to issue interpretations of this character is already established.[3] Such interpretations are entitled to great weight, Roland Electrical Co. v. Walling, etc., 1946, 326 U.S. 657, at page 676, 66 S.Ct. 413, 90 L.Ed. 383; United States v. American Trucking Ass'n, 310 U.S. 534, 549, 60 S. Ct. 1059, 84 L.Ed. 1345; Skidmore v. Swift & Co., 323 U.S. 134, 140, 65 S.Ct. 161, 89 L.Ed. 124, and will be held controlling unless in manifest conflict with the statutory terms. United States v. Jackson, 1930, 280 U.S. 183, at page 193, 50 S.Ct. 143, 74 L.Ed. 361; Armstrong Paint & Varnish Works v. Nu-Enamel Corp., 305 U.S. 315, at pages 330, 333, 59 S.Ct. 191, 83 L.Ed. 195.

"There is, of course, no more persuasive evidence of the purpose of a statute than the words by which the legislature undertook to give expression to its wishes. Often these words are sufficient in and of themselves to determine the purpose of the legislation. In such cases we have followed their plain meaning. When that meaning has led to absurd or futile results, however, this Court has looked beyond the words to the purpose of the act. Frequently, however, even when the plain meaning did not produce absurd results but merely an unreasonable one 'plainly at variance with the policy of the legislation as a whole' this Court has followed that purpose, rather than the literal words. When aid to construction of the meaning of words, as used in the statute, is available, there certainly can be no 'rule of law' which forbids its use, however clear the words may appear on 'superficial examination.'" United States v. American Trucking Ass'n, supra, 310 U.S. at page 543, 60 S.Ct. at page 1063.

■ From the foregoing it is clear that the respondent's conduct is in violation of Section 206(b) of the Act and should be enjoined.[4]

A permanent injunction in compliance herewith will be allowed this date.

---

[2] "Section 209 (a) (5) of the Housing and Rent Act of 1947, as amended. Evictions for the purpose of withdrawal from the rental market."

"To Secure Vacant Possession for Purpose of Sale.

"Section 209 (a) (5) permits eviction where 'the landlord seeks in good faith to recover possession of such housing accommodations for the immediate purpose of withdrawing such housing accommodations from the rental market * * *.' Since this is only one of several grounds for eviction under the Act, it is clear that it was not intended that this section should broaden or defeat the purpose of limitations placed in the other grounds. It follows, therefore, that since Section 209 (a) (3) provides for eviction where 'the landlord has in good faith contracted in writing to sell the housing accommodations to a purchaser for the immediate and personal use and occupancy as housing accommodations by such purchaser'; Section 209 (a) (5) may not be used in cases where sales are involved. That is to say, since a tenant may be evicted for occupancy by a purchaser under Section 209 (a) (3), a landlord may not evict under Section 209 (a) (5) for the purpose of obtaining vacant possession in order to sell."

[3] Overnight Motor Transp. Co. Inc. v. Missel, 1942, 316 U.S. 572, at page 581, 62 S.Ct. 1216, 1221, 86 L.Ed. 1682. "While the interpretative bulletins are not issued as regulations under statutory authority, they do carry persuasiveness as an expression of the view of those experienced in the administration of the Act and acting with the advice of a staff specializing in its interpretation and application."

[4] In accord see Woods v. Taper et al., D.C., 79 F.Supp. 984.