### WOODS v. HOLLIDAY et al.
#### Civ. No. 7361.

United States District Court,
W. D. Pennsylvania.
Oct. 14, 1948.

414

Cyril F. Pessolano, Chief Rent Litigation Atty., of Upper Darby, Pa., and David Levin, Resident Atty., of Pittsburgh, Pa., for plaintiff.

H. S. Carmack, of Pittsburgh, Pa., for defendants.

McVICAR, District Judge.

This is an action by the Housing Expediter under the Housing and Rent Act of 1947, as amended, 50 U.S.C.A.Appendix, § 1881 et seq., to restrain the defendants from eviction of their tenant and for proceeding further under a judgment procured by the defendants before an alderman and for other relief. The Court, after final hearing as stipulated by the parties, makes the following Findings of Fact and Conclusions of Law:

Findings of Fact.

1. The defendants, J. Margaret Holliday and Rose M. Russell are the owners of a certain three-story brick dwelling of twelve rooms located at 600 Whitney Avenue, Wilkinsburg, Allegheny County, Pennsylvania.

2. Thomas J. Curran has been the tenant in occupancy of the aforesaid premises since July 1, 1946.

3. Since October 1946, the tenant has been subjected to recurrent demands for possession of the devised premises for various reasons.

4. In September 1947 the defendants instituted an action for possession against the above-named tenant before an alderman in the City of Pittsburgh, Allegheny County, Pennsylvania, which action was based upon the claim that the owners would occupy the premises as their own dwelling; that a hearing in that matter was held by the alderman on September 16, 1947 and continued until September 26, 1947 at which time judgment was entered in favor of the defendants.

5. Subsequent to the foregoing proceeding, to wit, on or about April 30, 1948, the above-named defendants as owners caused a written notice to vacate to be sent by registered mail to the said Thomas J. Curran, tenant, in which the reason for seeking possession was changed from the desire of the owners to occupy the premises as their dwelling to the claim that the premises were no longer available for rental purposes.

6. Subsequently the aforesaid Thomas J. Curran filed a bill in equity in the Court of Common Pleas in Allegheny County, Pennsylvania at No. 1747, July Term, 1948, against the above-named defendants seeking to restrain them for proceeding to evict him from the premises. Said action is still pending.

7. The defendants caused a writ of possession to be issued out of the office of the alderman on the judgment against the tenant procured by said defendants.

8. The premises occupied by the tenant were held by the defendants for sale prior to the tenancy of Thomas J. Curran, during the said tenancy, and are so held at the present time.

9. At no time during the tenancy of Thomas J. Curran have the defendants been in a position to remodel the premises nor have they any intention of doing so at the present time.

10. At the present time, the defendants do not plan to occupy or remodel the premises.

11. At the present time possession is sought from the tenant, Curran, for the purpose of selling the property and not for occupancy.

12. The defendants do not now seek, nor have they sought heretofore, in good faith to recover possession of the housing accommodation in this case for their immediate and personal use and occupancy as a housing accommodation.

### Conclusions of Law.

1. Under the Housing and Rent Act of 1947, as amended 50 U.S.C.A.Appendix, § 1881 et seq., Section 206(b), this court has jurisdiction of the subject matter of this action and of the parties herein.

2. The defendants do not now seek, nor have they sought heretofore, in good faith to recover possession of the housing accommodation in this case for their immediate and personal use and occupancy as a housing accommodation.

3. The defendants have engaged in acts and practices which constitute violations of Section 206(a) and 209(a) of the Housing and Rent Act of 1947, as amended, 50 U.S.C.A.Appendix, § 1881 et seq., and an injunction should issue against the defendants, their agents, servants, employees and any persons acting in concert with them, restraining them from proceeding further against Thomas J. Curran under the judgment for possession granted in proceedings commenced before Alderman Civill on September 8, 1947 and from evicting or threatening to evict the said Thomas J. Curran by court proceeding or otherwise, directly or indirectly, upon grounds not approved in the said Act.

4. The defendants should pay the costs.

■ This is an action by the Housing Expediter against the defendants as the owners of a housing accommodation located in Wilkinsburg, Allegheny County, Pennsylvania to restrain the defendants from eviction of the tenant, from proceeding further on a judgment procured before an alderman and for other relief under the Housing and Rent Act of 1947, as amended, 50 U.S.C.A.Appendix, § 1881 et seq.

The first question that arises is whether the landlords seek in good faith to recover possession of the housing accommodation in this case for their immediate and personal use and occupancy as a housing accommodation.

Section 209(a) (2) of said Act provides:

"No action or proceeding to recover possession of any controlled housing accommodations with respect to which a maximum rent is in effect under this title shall be maintainable by any landlord against any tenant in any court, notwithstanding the fact that the tenant has no lease or that his lease has expired, so long as the tenant continues to pay the rent to which the landlord is entitled unless. * * *

"(2) the landlord seeks in good faith to recover possession of such housing accommodations for his immediate and personal use and occupancy as housing accommodations."

It seems clear from the facts which appear in the foregoing Findings of Fact that the landlords in this case did not seek in good faith to recover possession of the housing accommodations involved for their immediate and personal use and occupancy as a housing accommodation.

■ The next question is—has this Court jurisdiction in this case? Section 206(a) and (b) provide:

"Sec. 206(a) it shall be unlawful for any person to offer, solicit, demand, accept, or receive any rent for the use or occupancy of any controlled housing accommodations in excess of the maximum rent prescribed under section 204 or otherwise to do or omit to do any act in violation of any provision of this title.

"(b) Whenever in the judgment of the Housing Expediter any person has engaged or is about to engage in any act or practice which constitutes or will constitute a violation of any provision of this title, he may make application to any Federal, State, or Territorial court of competent jurisdiction, for an order enjoining such act or practice, or for an order enforcing compliance with such provision, and upon a showing by the Housing Expediter that such person has engaged or is about to engage in any such act or practice a permanent or temporary

416

injunction, restraining order, or other order shall be granted without bond."

It seems clear from the complaint and the evidence that the Housing Expediter, in his judgment, found that the defendants, in their proceedings to evict the tenant of the housing accommodation, were engaged in an act or practice which constituted a violation of said Act. He, therefore, had a right, under the aforesaid section to proceed in this Court to have the unlawful acts of the defendants restrained. See Porter v. Lee, et al., 1946, 328 U.S. 246, 66 S.Ct. 1096, 90 L.Ed. 1199; Porter v. Dicken, 1946, 328 U.S. 252, 253, 66 S.Ct. 1094, 90 L.Ed. 1203.

Let an order for judgment be prepared and submitted in accordance with the foregoing Findings of Fact, Conclusions of Law and this opinion.