**UNITED STATES v. STULL et al.**

Civ. A. 3527.

United States District Court
D. Connecticut.

Feb. 14, 1952.

Harry B. Stein, Area Rent Atty., Bridgeport, Conn., Roy M. Fitzmorris, Office of Rent Stabilization, Boston, Mass., for plaintiff.

Richard J. Stull, New York City, for defendant.

HINCKS, Chief Judge.

The plaintiff in this action has moved for a preliminary injunction restraining the defendants from violation of the Housing and Rent Act of 1947, as amended, 50 U.S.C.A.Appendix, § 1881 et seq. Its motion was brought under Sec. 206(b) of that Act; its complaint, in addition, requests further relief under Sec. 205 of the Act. 50 U.S.C.A.Appendix, §§ 1895 and 1896(b). The defendants oppose this motion and have moved that the plaintiff's complaint be dismissed, or, in the alternative, for summary judgment.

The defendants are the owners of a building at 230 Main Street in Norwalk, Connecticut, the first-floor apartment of which has been occupied from about September 1, 1947 to the present by one Irene Bellefeuille at a rental of $30 per month. On October 19, 1951, the defendants obtained a default judgment against their tenant in a summary action in the City Court of Norwalk granting them immediate possession of the premises. The present action seeks to have them enjoined from enforcing this judgment, on the ground that it was obtained in violation of Sec. 825.66 of the Controlled Housing Rent Regulations (24 C.F.R. 825.66), issued pursuant to the Housing and Rent Act of 1947, as amended. Sec. 825.66 provides that a landlord must give written notice to the local Area Rent Office of the bringing of any eviction action at the time the action is brought. In its complaint the plaintiff alleges that it has failed to receive such notice from the defendants as to their eviction action against the tenant Bellefeuille.

The plaintiff further alleges that although the defendants have charged a rental of $30 a month for their apartment, the permissible maximum rent is only $20 a month. As further relief, it requests that the defendants be ordered to make restitution of all overcharges of rent received by them, that they be enjoined from further violations of the Housing and Rent Act, and that a judgment be entered against them in favor of the plaintiff for liquidated damages in the amount of three times the rent overcharges during the year immediately before the bringing of this action.

The defendants have suggested two deficiencies in the allegations of the complaint which they contend should require its dismissal. They note first that the Housing and Rent Act of 1947 applies only to "housing accommodations", by which are meant accommodations rented for living or dwelling purposes, 50 U.S.C.A.Appendix, § 1892(b), and that the complaint alleges only that the premises in question are

570

"housing accommodations." It is their position that the plaintiff should have alleged specifically that the premises are used for living or dwelling purposes rather than for commercial use. Secondly, they contend that the complaint is defective because the plaintiff has failed to allege that it has no adequate remedy at law.

██ The Federal Rules of Civil Procedure, 28 U.S.C.A., require only that the complaint shall contain: "(2) a short and plain statement of the claim showing that the pleader is entitled to relief * * *." Rule 8(a) of the Federal Rules of Civil Procedure. In order to comply with the rule, it is necessary only that the complaint shall be sufficient so that the defendant will have fair notice of the claim asserted and so that the court may properly appraise the validity of the claim. 2 Moore's Federal Practice (2d ed.) 1647–1656. Here the complaint is clearly sufficient to perform these functions. The term "housing accommodations", for example, is a direct quotation from the statutes. The defendants' apparently had no difficulty understanding the meaning of the term at the time that they framed their answer to the complaint since, in pleading to the paragraph of the complaint in which the term is used, they felt it necessary to state that they deny that the premises are "housing accommodations within the Housing and Rent Act of 1947, as amended."

██ Neither is the plaintiff required to plead the lack of a legal remedy even in view of the substance of the defendants' "third defense", wherein the defendants state that the plaintiff in fact has an adequate remedy at law since it could request the reopening of the default judgment in the city court. As to this, it has been held that: "The fact that the State courts * * * have exclusive jurisdiction of proceedings to evict tenants does not in any way impair or affect the right of the Expediter to maintain this enforcement action (under Sec. 206(b) of the Housing and Rent Act of 1947) in the United States District Court for the purpose of securing an injunction against violations of the Act and the Regulation, and thereby effectuating, in the public interest, the policy and intent of Congress." Woods v. Hillcrest Terrace Corp., 8 Cir., 1948, 170 F.2d 980, 984, citing Porter v. Lee, 328 U.S. 246, 66 S.Ct. 1096, 90 L.Ed. 1199, and Porter v. Dicken, 328 U.S. 252, 66 S.Ct. 1094, 90 L.Ed. 1203. Hence, even if the plaintiff would presently be entitled to intervene in the city court action it was not required to do so as a preliminary to the bringing of this action.

The defendants contend also that the plaintiff is guilty of laches. They base this contention on the defendants' failure to intervene in or defend the city court action. However, as I have just indicated, the plaintiff was not required to intervene in that action. And so, even if the defense of laches may be invoked against this plaintiff, its failure to intervene in a city court could hardly make the action subject to a dismissal.

Finally, the defendants argue that the action should be dismissed, or that they should be granted a summary judgment, on the ground that the premises are in fact not subject to the Housing and Rent Act because they have been rented for commercial purposes. The plaintiff has alleged that the premises are rented as "housing accommodations." Whether the motion be treated as one to dismiss or for summary judgment it cannot be granted unless there is no genuine issue as to any material fact. The defendants contend that there is in fact no genuine issue as to the nature of the occupancy in this case, because that has been conclusively established by the judgment in the city court eviction action. A certified copy of the judgment file in that case has been attached to their answer. It is stated in the judgment file that the city court found that the apartment in question had been let for use as, and had been in fact used as, a dressmaking establishment. It is the defendants' position that under the principle of *res adjudicata* the city court's finding is conclusive here.

██ However, a judgment in a prior action concludes only the parties to that action and those in privity with them. United States v. Satuloff Bros., 2 Cir.,

1935, 79 F.2d 846. The defendants contend that the plaintiff became a party to this action when, allegedly, an attorney in the local rent office, on November 6, 1951, some twenty days after the entry of the default judgment, wrote to the Clerk of the City Court asking permission to file an appearance in the eviction action as *amicus curiae* for the Director of Rent Stabilization. The copy of the alleged letter has not been filed in affidavit form as required by the Rules and there is no proof whatsoever that the appearance was in fact allowed. However, even if the plaintiff had actively participated in the city court action as an *amicus curiae,* it would still not have been a party thereto in any sense which would make the judgment binding on it. Brown v. Wright, 4 Cir., 1943, 137 F.2d 484, 487 and cases cited therein.

■ Neither is the plaintiff concluded because of any privity between it and the defendants' tenant. "Privity, as used in the doctrine of *res judicata,* means mutual or successive relationship to the same rights of property; as testator and executor, ancestor and heir, assignor and assignee, grantor and grantee, lessor and lessee." National Lead Co. v. Nulsen, 8 Cir., 1942, 131 F.2d 51, 56, certiorari denied 318 U.S. 758, 63 S.Ct. 533, 87 L.Ed. 1131. Although the plaintiff and the defendants' tenant have a common interest in the outcome of this action, their interests have different bases altogether and there is no mutual or successive relationship between them as to the subject-matter of the action. The plaintiff's action is one to enforce the laws of the United States in the public interest. "The mere fact that it (the action) operates to confer a benefit on the tenants, does not detract from its enforcement effect nor alter its nature." Woods v. Bomboy, 3 Cir., 1950, 179 F.2d 565, 566. See also: Porter v. Warner Co., 1946, 328 U.S. 395, 66 S.Ct. 1086, 90 L.Ed 1332 and United States v. Bize, D.C.Neb., Lincoln Div. 1949, 86 F.Supp. 939 at page 943. Hence, since the defendants have neither alleged nor attempted to prove any other sort of relationship between the plaintiff and the defendant's tenant as to the subject-matter of this action, there is no basis for a finding of privity. The findings of the city court in the eviction action therefore in no sense conclude the plaintiff as to the nature of the occupancy of the premises. Porter v. Lee, 1946, 328 U.S. 246, 66 S.Ct. 1096, 90 L.Ed. 1199, Porter v. Dicken, 1946, 328 U.S. 252, 66 S.Ct. 1094, 90 L.Ed. 1203, Brown v. Wright, 4 Cir., 1943, 137 F.2d 484. Hence, I find that there is a genuine issue as to a material fact.

From the foregoing, it follows that the motions to dismiss and for summary judgment must be denied. It is my understanding that the defendants agreed that if their motions were denied, a preliminary injunction might then issue. Although the defendants expressed a desire for security, the Housing and Rent Act provides that none shall be required. 50 U.S.C.A.Appendix, § 1896(b). The plaintiff may therefore submit for forthwith entry a decree preliminarily enjoining enforcement of the city court judgment. And if the defendants desire to press their defenses to the action further, they may of course request an immediate trial.

It is ordered that the defendants' motions be denied, and the plaintiff's motion granted in so far as it seeks the preliminary injunction sanctioned above.