## UNITED STATES v. MASON.

### Civ. No. 10966.

United States District Court,
W. D. Pennsylvania.

Dec. 5, 1952.

David R. Levin, Chief Atty., Office of Rent Stabilization, Pittsburgh, Pa., for plaintiff.

A. N. Brunwasser, Pittsburgh, Pa., for defendant.

GOURLEY, Chief Judge.

This is a petition for a preliminary injunction pursuant to Section 206(b) of the Federal Housing and Rent Act of 1947, as amended, 50 U.S.C.A.Appendix, § 1896(b), which reads as follows:

"Whenever in the judgment of the President any person has engaged or is about to engage in any acts or practices which constitute or will constitute a violation of any provision of this Act, or any regulation or order issued thereunder, the United States may make application to any Federal, State, or Territorial court of competent jurisdiction for an order enjoining such acts or practices, or for an order enforcing compliance with such provision, and upon a showing that such person has engaged or is about to engage in any such acts or practices a permanent or temporary injunction, restraining order, or other order shall be granted without bond."

Defendant has brought various actions of ejectment against the tenant before a Justice of the Peace and the Court of Common Pleas of Allegheny County alleging a violation of the terms imposed by the existing lease for failure of the tenant to keep the premises in adequate repair. The United States of America petitions this Court to enjoin defendant from evicting the tenant, alleging that the condition of the premises, relied upon by the defendant as the basis for eviction, was due to the age of the structure and ordinary wear and tear.

The provisions of the lease upon which the defendant relies provide that the duty imposed upon the tenant to repair the premises does not apply to conditions which result from ordinary wear and tear.

The authority and jurisdiction of the Federal District Court to enjoin eviction proceedings in State courts are clearly established. Porter v. Lee, 328 U.S. 246, 66 S.Ct. 1096, 90 L.Ed. 1199; Porter v. Dicken, 328 U.S. 252, 66 S.Ct. 1094, 90 L. Ed. 1203.

My associate, Judge Nelson McVicar, exercised this precise authority in the proceeding of Woods v. Murray, D.C., 80 F. Supp. 4.

After extensive hearing held on November 20, 1952, and testimony taken on plaintiff's motion for preliminary injunction, the Court makes the following Findings of Fact and Conclusions of Law:

Findings of Fact.

1. The defendant, Robert Mason, became the owner of premises at 3808 Pier Street, Pittsburgh, Allegheny County, Pennsylvania, on July 16, 1951, which premises are in the Pittsburgh Defense Rental Area.

2. The aforesaid premises are located in an old building.

3. August Merlina, together with his wife and three children age 9, 11, and 15, is the tenant in possession of the premises aforesaid, and he has been the tenant for approximately ten years.

4. It is conceded by counsel for defendant that the tenant, August Merlina, has paid the maximum legal rent for the premises each month as the same became due, and there are no arrears in rent at the present time.

5. After becoming owner of the premises, Robert Mason orally solicited the tenant to purchase the property.

6. On August 6, 1951, the defendant, Robert Mason, made a written offer of sale of the property to another tenant, Anthony Edelston.

7. Under date of January 30, 1952, the defendant, Robert Mason, filed a petition with the Pittsburgh Area Rent Office of the United States Office of Rent Stabilization, requesting a certificate relating to eviction of August Merlina, stating the property was "in poor condition" and "is old and needs wiring, heating, and sanitation facilities, as well as structural reinforcement." The petition further stated that defendant was planning to remodel the unit into two efficiency apartments, that the work could not be done with the tenant in occupancy, and that a copy of petition had been sent to the tenant. The petition was denied May 29, 1952 because it failed to meet the requirements of the Rent Regulation.

8. On July 24, 1952, Allen N. Brunwasser, as attorney for the defendant, Rob-

ert Mason, wrote to Merlina that his lease was being breached by refusing to permit defendant-landlord and agents to inspect the premises, by maintaining the premises in dirty condition, and by not repairing the premises as required by the lease.

9. On July 31, 1952, Allen N. Brunwasser, Esq., as attorney for the defendant, Robert Mason, notified Merlina to vacate the premises for reasons set forth in the letter of July 24, 1952.

10. Under date of August 1, 1952, the defendant, Mason, notified Merlina that inspection would be made of the premises on August 5th. Inspection was permitted by the tenant.

11. Under date of August 8, 1952, a letter was addressed to the tenant by the defendant, Mason, repeating the claims of unsanitary conditions and failure to repair, referring to an inspection on August 4th by Mason and a Mr. Beerman.

12. Under date of September 5, 1952, Merlina received a notice from defendant's attorney to vacate the premises in thirty days.

13. Thereafter, the defendant, Mason, instituted eviction proceedings before Justice of the Peace James S. Ackelson of Brentwood, Allegheny County, Pennsylvania, and a hearing was held therein on October 14, 1952. After the testimony was completed, the Justice of the Peace reserved his decision.

14. Subsequently, the defendant, Robert Mason, by his attorney, Allen N. Brunwasser, Esq., instituted an action of ejectment against the tenant, August Merlina, in the Court of Common Pleas of Allegheny County, Pennsylvania, at No. 1034 January Term, 1953, and issued a Rule upon August Merlina to show cause why judgment in ejectment should not be entered against him for the premises which he occupies at the aforementioned address. The grounds for this action were the same as in the proceeding before Justice of the Peace Ackelson.

15. As shown by defendant's petition to the Area Rent Office for Certificate Relating to Eviction of the Tenant, dated January 30, 1952, as well as by the testimony taken in this hearing, the condition of the premises involved in this proceeding was due to age and normal wear and tear.

16. The tenant, Merlina, did not keep the premises in an unsanitary condition and even Mr. Beerman, the sole witness offered by the defendant in this hearing, failed to sustain the claims of the defendant in this respect.

17. The actions of the defendant in seeking to bring about the removal of the tenant, Merlina, as enumerated above and as testified to in the hearing in this proceeding, were not in good faith and were not founded upon grounds approved in the Housing Rent Regulation.

18. Under the circumstances present in this case, the defendant, Robert Mason, has engaged and is about to engage in acts or practices which constitute or will constitute a violation of the Federal Housing and Rent Act of 1947, as amended, 50 U. S.C.A.Appendix, § 1881 et seq., and of the Housing Rent Regulation issued under the authority of said Act.

## Conclusions of Law.

1. The premises involved in this proceeding at 3808 Pier Street, Pittsburgh, Allegheny County, Pennsylvania, are subject to the provisions of the Federal Housing and Rent Act of 1947, as amended, and the Housing Rent Regulation issued thereunder.

2. Failure by the tenant to make repairs to the premises used by the defendant, Robert Mason, as the basis for his attempts to evict the tenant, relates to conditions which are the result of ordinary wear and tear and the age of the structure, and are not the responsibility of the tenant under the lease offered in evidence by the defendant.

3. Under the testimony produced at the hearing in this proceeding, the defendant, Mason, has been attempting to bring about the removal of the tenant, August Merlina, without grounds approved in the Housing Rent Regulation issued under the authority contained in Section 209 of the Federal Housing and Rent Act of 1947, as amended.

4. The actions of defendant, Robert Mason, as hereinabove enumerated constitute a course of conduct calculated to bring about the removal of the tenant contrary to the provisions of the Act and the Regulation, and intended to circumvent and evade the provisions of Section 206(a)(2) of the Act and of Sections 181 to 197, inclusive, of the Housing Rent Regulation.

5. The evidence presented at the hearing in this proceeding indicates that the defendant, Robert Mason, has engaged and is about to engage in acts and practices which constitute and will constitute a violation of the aforesaid Act and Regulation and that plaintiff is entitled to injunctive relief as provided for in Section 206(b) of the Act.

6. Plaintiff's motion for preliminary injunction should be granted.

An appropriate Order is entered.