## UNITED STATES v. CLAWANS.

### Civ. No. 1171.

United States District Court
D. New Jersey.
Jan. 16, 1953.

Harold L. Wertheimer, Atlantic City, N. J., for plaintiff.

William E. Sandmeyer, Newark, N. J., for defendant.

MODARELLI, District Judge.

Plaintiff seeks an injunction restraining defendant from satisfying her final judgment in an ejectment action brought by her in the Superior Court of New Jersey, Law Division, Essex County, to evict her tenant, Harold Evans, from the second floor apartment of premises 127 Highland Avenue, Newark, New Jersey. The final judgment was entered on December 17, 1951. Plaintiff was not a party to that action and did not participate therein.

A preliminary injunction was entered on February 27, 1952.

In accordance with agreement of counsel at pretrial, the matter was submitted on briefs.

In an action for rent overcharges previously brought by plaintiff against defendant in this court, plaintiff prevailed against the defense that Evans was a trespasser. Presiding Judge McLaughlin found that Evans was a tenant. Subsequent to the entry of judgment, defendant attempted through three motions to effect a change in the result of that decision:

(a) On October 22, 1951, a hearing was held on defendant's motion to set aside the Findings of Fact and Conclusions of Law and for a new trial on the grounds of newly discovered evidence. By order dated October 24, 1951, Judge McLaughlin denied that motion stating:

" * * * though there may well be some minor discrepancies in the testimony of Mr. and Mrs. Evans, the Government witnesses, the Court is still entirely satisfied, from all the evidence, that there was a rental arrangement entered into by the defendant's sister on the latter"s behalf with Evans and his wife for the premises in question as testified to by said witnesses."

(b) On November 26, 1951, a hearing was held on defendant's motion to vacate the judgment. By order dated November 26, 1951, Judge McLaughlin denied the motion

as it appeared that a notice of appeal had been filed by defendant and that the appeal was still pending and undetermined.

(c) On December 14, 1951, a hearing was held on defendant's motion to vacate the judgment:

"* * * on the grounds that it was clearly against the weight of the evidence; was based substantially on perjured testimony; and on the allegedly newly discovered evidence that the receipt produced by Harold Evans, a witness on behalf of the plaintiff, was forged and altered in substantial respects * * *."

Judge McLaughlin found that the grounds with respect to the weight of the evidence, including the quality of the testimony, were finally disposed of by order of court dated October 24, 1951, which followed a motion by the defense to set aside the judgment in the case; that the allegedly newly discovered evidence could have been produced at the trial of the cause had due diligence been exercised by the defense and that in any event it was improbable that such alleged evidence would have changed the result.

On appeal of the rental overcharge case, the United States Court of Appeals for this Circuit, 196 F.2d 493, affirmed Judge McLaughlin's findings that a landlord and tenant relationship existed and that defendant accepted rents in excess of the established maximum.

In the present action, defendant again interposes defenses raised in the rental overcharge action, to wit, that a landlord and tenant relationship did not exist between defendant and Harold Evans; that the prior action was decided clearly against the weight of the evidence, and was based upon perjured testimony; that newly discovered evidence would show that the receipt produced by Harold Evans was forged and altered. These same defenses have been considered and found without merit in the prior action. This court cannot consider them now.

The power of this court to issue an injunction restraining defendant from evicting the tenant, in spite of the later judgment obtained in the state court, is well settled. Housing and Rent Act of 1947, as amended, § 206(b), 50 U.S.C.A.Appendix, § 1896(b); Fleming v. Rhodes, 1947, 331 U.S. 100, 67 S.Ct. 1140, 91 L.Ed. 1368; Porter v. Lee, 1946, 328 U.S. 246, 66 S.Ct. 1096, 90 L.Ed. 1199; Porter v. Dicken, 1946, 328 U.S. 252, 66 S.Ct. 1094, 90 L.Ed. 1203; and Fleming v. Chapman, 2 Cir., 1947, 161 F.2d 345, 346.

The plaintiff's application for a permanent injunction will be granted.

An order may be submitted in conformity with the opinion herein expressed.