AMALGAMATED CLOTHING WORK-
ERS OF AMERICA et al.

v.

RICHMAN BROS. CO.

No. 11893.

United States Court of Appeals
Sixth Circuit.

March 30, 1954.

William J. Isaacson, New York City,
Solomon H. Friend, Valentin J. T.

Wertheimer, New York City, Corrigan, McMahon & Corrigan, Moses Krislov, Cleveland, Ohio, on brief, for appellants.

Luther Day, Cleveland, Ohio, Earl W. LeFever, George D. Bonebrake, George H. Rudolph, Jones, Day, Cockley & Reavis, Cleveland, Ohio, on brief, for appellee.

Before SIMONS, Chief Judge, and ALLEN and MILLER, Circuit Judges.

SIMONS, Chief Judge.

This appeal is from an order denying a motion for temporary injunction brought by appellants to enjoin appellee from proceeding in its suit before the Court of Common Pleas in Ohio. The ground for denial was that the court was without jurisdiction to entertain the suit because of the prohibition of 28 U.S.C. § 2283. The appellants' petition was based on the ground that the appellee's State court action constituted an invasion of the exclusive jurisdiction conferred by Congress upon the National Labor Relations Board. A motion to dismiss the appeal was referred by us to the oral hearing which has now been had. The appellant will be referred to herein as "the union" and the appellee as "Richman."

Richman is an Ohio corporation engaged in the manufacture and retail sale of wearing apparel in various states. The controversy was initiated by its suit in the State court for a temporary restraining order to prevent the union from picketing its stores, on the ground that the picketing was in furtherance of a conspiracy whose purpose was to exert economic pressure on Richman so that it would compel its employees to join the union. The suit was removed to the United States District Court, on the ground that the action was based upon an alleged unfair labor practice within the meaning of Section 8(b)(1) (A) of the National Labor Relations Act, 29 U.S.C.A. § 158(b)(1)(A). Richman moved to remand. The District Court granted its petition because it was, it said, without jurisdiction of the subject matter. 114 F.Supp. 185; 116 F.Supp. 800. The union filed, in the State court, a motion to dismiss on the ground that the matter complained of was within the exclusive jurisdiction of the National Labor Relations Board. Its motion was denied. The union then instituted an independent action in the District Court against Richman to enjoin it from prosecuting the remanded action and requested it to stay proceedings in the Ohio court pending determination of its application in the District Court for injunction. The court overruled the application for a stay and denied the granting of injunction. On the same day, hearings were begun in the State court resulting in the issuance of an injunction by the State court restraining the union from picketing the Richman stores. In the meanwhile, the union had noticed its appeal from the District Court's order.

Richman moved to dismiss the appeal on the ground that it constituted an attempt indirectly to obtain a review of the District Court's order of remand prohibited by Title 28 U.S.C. § 1447(d) which provides that such order "is not reviewable on appeal or otherwise." The union responds that the action is independent and in recognition of the finality of the remand order. This issue was not presented to or considered by the District Court which denied injunction solely on Title 28, § 2283. In view of what follows, we find no need for deciding it here.

There is also collaterally involved the question whether, under the facts as alleged in the Richman petition in the State court, Richman's grievance against the union is within the exclusive jurisdiction of the National Labor Relations Board, so that the State court is without jurisdiction to entertain it. In Garner v. Teamsters, Chauffeurs and Helpers Local Union No 776 (A. F. L.), 346 U.S. 485, 74 S.Ct. 161, 164, it was held under comparable but not identical facts that the Supreme Court of Pennsylvania was right in dissolving an injunction against picketing issued out of a local court. It reasoned that while the National

Labor Management Relations Act leaves much to the states, Congress had refrained from saying how much. It said: "This is not an instance of injurious conduct which the National Labor Relations Board is without express power to prevent and which therefore either is 'governable by the state or it is entirely ungoverned.' In such cases we have declined to find an implied exclusion of state powers. International Union, U. A. W., A. F. of L., Local 232 v. Wisconsin Employment Relations Board, 336 U.S. 245, 254, 69 S.Ct. 516, 521, 93 L.Ed. 651. Nor is this a case of mass picketing, threatening of employees, obstructing streets and highways, or picketing homes. We have held that the state still may exercise 'its historic powers over such traditionally local matters as public safety and order and the use of streets and highways.' Allen-Bradley Local No. 1111, United Electrical Radio and Machine Workers v. Wisconsin Employment Relations Board, 315 U.S. 740, 749, 62 S.Ct. 820, 825, 86 L.Ed. 1154."

There is no suggestion in the Richman petition that violence or threats accompanied the union picketing. There is, however, an allegation of sporadic picketing demonstrations by as many as twenty pickets milling about in closely formed groups at the main entrance of the picketed stores, creating confusion and blocking the entrance so as to divert pedestrian traffic outwardly therefrom. Whether this distinction from the Garner case suggests an area for the exercise of State authority, we do not undertake to decide. The order of the State court granting the injunction is summary without findings of fact or conclusions of law and no record has been made available to us. We confine our consideration of the present case to the impact of Section 2283. That section provides: "A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments."

It will be observed that § 2283 provides three exclusions from its operations: 1) the injunction must be expressly authorized by Act of Congress, 2) it must be necessary in aid of the court's jurisdiction, 3) it must be designed to protect or effectuate the court's judgment. The union does not cite an Act of Congress which *expressly* authorizes stay of proceedings in a State court by a federal court in this type of case. Bowles v. Willingham, 321 U.S. 503, 64 S.Ct. 641, 88 L.Ed. 892 and Porter v. Dicken, 328 U.S. 252, 66 S.Ct. 1094, 90 L.Ed. 1203, held that § 205 of the Price Control Act authorizes the Price Administrator to seek injunctive relief in appropriate courts, because that section is impliedly an amendment to § 265 of the Judicial Code, 28 U.S.C. § 379 which was predecessor to § 2283, supra. It is pointed out that Section 10(j) of the Labor Act, Title 29 U.S.C.A. § 160 provides that the National Labor Relations Board shall have the power, upon issuance of a complaint charging an unfair labor practice, to petition a district court of the United States for appropriate temporary relief or a restraining order and that upon the filing of such petition the court shall have jurisdiction to grant such temporary relief or restraining order as it deems just and proper. So, it is argued that this section is so analogous to § 205 of the Price Control Act that it, too, is impliedly an amendment to the statute prohibiting injunctions to say proceedings in the State courts.

There are a number of reasons why this argument fails. Neither the Price Control Act nor the Labor Act permits the granting of an injunction to persons generally. The authority granted in the Price Control Act is limited to the Price Administrator and for specific purposes and the authority in the Labor Act is limited to the Labor Board, but only for temporary restraint pending final adjudication of the Board with respect to the matter involved. This, necessarily, involves a proceeding in which the jurisdiction of the Board has been invoked.

452

Here, what was sought was a permanent injunction and the jurisdiction of the Labor Board had not been invoked. This is made clear by subsection (*l*) of Section 10. Finally, § 2283, supra, in so far as it provides that a court of the United States may not grant an injunction to stay proceedings in a State court, except as expressly authorized by Act of Congress, was not enacted into law until June 25, 1948. The Dicken case was decided in 1946, and Bowles in 1944. It is suggested in the revisor's note in 28 U.S.C. § 2283 that the provision limiting authority to enjoin to authority expressly granted was for the purpose of avoiding the decision in Toucey v. New York Life Insurance Company, 314 U.S. 118, 62 S.Ct. 139, 86 L.Ed. 100, which held that a federal court is without power to enjoin relitigation of cases already adjudicated. Whatever may be said of this inference, the limitation in § 2283 is clear, mandatory and completely free of ambiguity. It does not call for construction.

■■ But were construction permissible, courts should not lightly read into the prohibitory enactment an implied amendment. This, we think, is the teaching of the Toucey case. There, the court traced the history of the prohibitory statute from its initial enactment in 1793 and said of it, 314 U.S. at page 132, 62 S.Ct. at page 143: "The purpose and direction underlying the provision is manifest from its terms: proceedings in the state courts should be free from interference by federal injunction. The provision expresses on its face the duty of 'hands off' by the federal courts in the use of the injunction to stay litigation in a state court. * * * In the course of one hundred and fifty years, Congress has made few withdrawals from this sweeping prohibition".

■■ Finally, the principle has bearing, that in order to maintain respect for the mandates of courts, an injunctional order must be obeyed even if error lies in an assumption of validity of a seeming but void law. It is for the court, in the first instance, to determine the question of validity and until its decision is reversed for error by orderly review, either by itself or by a higher court, orders based on its decision are to be respected. State ex rel. Court of Industrial Relations v. Howat, 107 Kan. 423, 191 P. 585; State ex rel. Hopkins v. Howat, 109 Kan. 376, 198 P. 686, 25 A.L.R. 1210. The reasoning of that case was approved in Howat v. Kansas, 258 U.S. 181, 189, 42 S.Ct. 277, 281, 66 L.Ed. 550, wherein Mr. Chief Justice Taft, speaking for a unanimous court, said: "It is for the court of first instance to determine the question of the validity of the law, and until its decision is reversed for error by orderly review, either by itself or by a higher court, its orders based on its decision are to be respected." This reasoning was cited and approved recently in United States v. United Mine Workers of America, 330 U.S. 258, 293, 67 S.Ct. 677, 91 L.Ed. 884. We are advised that the injunction has now been issued by the State court. Neither the District Court nor this court is invested with general power to review the decisions of State courts. This case involving a federal question, the appropriate course was to test the merits of appellants' grievance by appeal to the court of last resort in the state and from there to the Supreme Court of the United States. This was the road which the Garner case took.

The appellants urge, however, that such course would have made for delay and that time was important to them. How valid that is we are unable to say but the care which Federal courts have taken from earliest times to avoid conflicts with State courts might well have counseled taking the longer path.

■ We come then to the phrasing of § 2283 which permits restraint of State judicial action where necessary in aid of the jurisdiction or to protect or effectuate the judgment of the Federal court. The appellants urge that this exclusionary language is broad enough to vest in the District Court authority to enjoin State action, not only to protect its own jurisdiction but also the exclusive

jurisdiction of a federal agency. At least, one court has so held. N. L. R. B. v. New York State Labor Relations Board, D.C.N.Y., 106 F.Supp. 749. In that case, however, the Board's jurisdiction had been invoked and it had power expressly vested in it to bring an action in the District Court to enjoin a State Labor Relations Board from invading its exclusive jurisdiction pendente lite. In Capital Service, Inc., v. National Labor Relations Board, 9 Cir., 204 F.2d 848, the Supreme Court granted certiorari upon this question submitted by the court: " 'In view of the fact that exclusive jurisdiction over the subject matter was in the National Labor Relations Board, Garner v. Teamsters, Chauffeurs and Helpers, Local Union No. 776, (A. F. L.) [346 U.S. 485], 74 S.Ct. 161, could the Federal District Court, on application of the Board, enjoin Petitioners from enforcing an injunction already obtained from the State court.' " 346 U.S. 936, 74 S.Ct. 375. Affirmative answer to that question will not conclusively decide this case for, there, there was an application by the Board itself to protect its jurisdiction, already invoked and pending decision. Here, no such situation exists.

In Myers v. Bethlehem Ship Building Corporation, 303 U.S. 41, 58 S.Ct. 459, 82 L.Ed. 638, the question was whether a Federal District Court had equity jurisdiction to enjoin the National Labor Relations Board from holding a hearing on a complaint filed by it against an employer alleged to be engaged in unfair labor practice. The answer to that question was that the District Court had no such jurisdiction. It was pointed out that exclusive initial jurisdiction arising under the Labor Management Relations Act is vested in the Board and the District Court has no jurisdiction to entertain actions based thereon or growing thereout. In the Garner case, supra, it was said: "The same reasoning which prohibits federal courts from intervening in such cases, except by way of review or on application of the federal Board, precludes state courts from doing

so", citing the Myers case, supra, and Amalgamated Utility Workers v. Consolidated Edison Company, 309 U.S. 261, 60 S.Ct. 561, 84 L.Ed. 738. In a footnote, it cites International Union of Operating Engineers, Locals No. 542, 542–A, 542–B v. William D. Baker Company, D.C., 100 F.Supp. 773, as illustrating the potentialities of conflict and noting that the federal court in that case had held that even if exclusive jurisdiction over the subject matter was in the federal court, it had no power to enjoin enforcement of the State injunction. For critical comment on Baker, see note 48 N.W. U.L.Rev. 383.

Another explanation by the appellants for taking the course they did, rather than by orderly review, is based on the assertion that while Richman charged an unfair labor practice, the union had no basis for invoking the jurisdiction of the Labor Board and the Labor Board had consistently declined to undertake any proceeding without a formal charge being lodged with it. But the Board has held in W. T. Carter & Brother, 90 N.L.R.B. No. 257, that the utilization of State judicial machinery for the purpose of blocking communication between union organizers and employees infringes organizational rights and is itself an unfair labor practice, over which it has jurisdiction. The union so charged in the Carter case and the Board, in its order, directed the employer to obtain vacation of the State court decree. (For comment on the Carter case, see 64 Harvard Law Rev. 507 [1951].) If time be of the essence, this approach could have settled at an early stage the question whether the Board would exercise its discretion to act, as well as other questions involved, and would have avoided the difficulties presented in the conflict of Federal and State jurisdiction. Perhaps, it is not too late to employ the mechanics of the Carter case. Upon this, we express no opinion.

Our conclusion is that § 2283, supra, did not vest in the court below jurisdic-

tion over the union's petition for an injunction against State action, in the circumstances of the present case. The motion to dismiss the appeal is denied but the order denying injunction is

Affirmed.