INTERNATIONAL UNION, UNITED AUTOMOBILE, AIRCRAFT AND AGRICULTURAL IMPLEMENT WORKERS OF AMERICA, CIO, and Local 660, UAW–CIO, Appellants,

v.

Alvin HINZ, an Individual, Appellee.

No. 12156.

United States Court of Appeals, Sixth Circuit.

March 1, 1955.

Redmond H. Roche, Jr., Detroit, Mich. (Lowell Goerlich, Harold A. Cranefield, Winston L. Livingston and Kurt L. Hanslowe, Detroit, Mich., on the brief), for appellants.

Frank C. Painter (of Rosenberg, Painter & Davidson), Jackson, Mich., for appellee.

Before SIMONS, Chief Judge, and ALLEN and MILLER, Circuit Judges.

PER CURIAM.

In this case the District Court sustained a motion to dismiss a complaint praying for temporary and permanent injunction against the prosecution of appellee's suit for damages filed in the state court of Michigan against the appellant unions. The declaration in the state court, as amended, alleged that appellants conspired to injure appellee, a former employee of Walker Manufacturing Company, Jackson, Michigan, by wrongfully terminating his union membership; that appellants denied appellee a copy of the charges against him, denied him the

benefit of a hearing in accordance with the constitution and by-laws of the union, and allegedly charged him with misconduct, namely, that appellee had driven his wife to the Bell Telephone Company, where she passed through the picket line in a telephone workers' strike; that, although such charges did not involve an offense against the laws of the union, appellants expelled appellee from their organization and shut down the plant of appellee's employer every time appellee reported for work, thus securing his discharge.

The declaration alleged that appellee had been deprived of valuable seniority rights, of overtime work, and of substantial wages, for all of which appellee prayed compensatory and exemplary damages.

Appellants contend that the alleged tortious acts constitute an unfair labor practice and that under the decision of the Supreme Court of the United States in Garner v. Teamsters, Chauffeurs and Helpers Union, 346 U.S. 485, 74 S.Ct. 161, 98 L.Ed. 228, the National Labor Relations Board has exclusive jurisdiction. In a later decision, United Construction Workers v. Laburnum Construction Corporation, 347 U.S. 656, 74 S.Ct. 833, 98 L.Ed. 1025, the Garner case, supra, was distinguished and its effect somewhat restricted by the Supreme Court, it being therein held that a state court has jurisdiction of a controversy based upon acts which constitute both an unfair labor practice and a common law tort.

We think the judgment of the District Court is clearly correct. The instant case involves no unfair labor practice. During the period involved no labor dispute existed between the union and the employer. Appellee is no longer employed at Walker Manufacturing Company in Jackson, Mich. Nor can he be considered an employee within the purview of the Labor Management Relations Act, 1947, § 2(3), 29 U.S.C.A. § 152(3),

which provides that the term "employee" "shall include * * * any individual whose work has ceased as a consequence of, or in connection with, any current labor dispute or because of any unfair labor practice, and who has not obtained any other regular and substantially equivalent employment." Appellee's work did not cease as a consequence of a current labor dispute nor because of an unfair labor practice. Moreover, he has obtained other regular and substantially equivalent employment. Also, the relief which appellee seeks is not reinstatement but money damages for the wrong done him. This relief the National Labor Relations Board is not empowered to afford. The Board has no jurisdiction in disputes between a union and its members nor authority over the internal operation of a union. It cannot be concluded that appellee's suit will in any way affect interstate commerce.

The alleged acts, if proved, are unlawful and constitute a misdemeanor under Mich.Stat.Ann. 17.454(18), Comp.Laws Supp.1952, § 423.17, which provides:

> "It shall be unlawful * * * for an employee or other person by force or unlawful threats to force or attempt to force any person to refrain from engaging in employment."

A similar statute in the case of Allen-Bradley Local No. 1111, United Electrical Radio and Machine Workers of America v. Wisconsin Employment Relations Board, 315 U.S. 740, 62 S.Ct. 820, 825, 86 L.Ed. 1154, was held not to be in conflict with the National Labor Relations Act. That was in certain respects a closer case than the instant case against the use of remedies arising under the state statute, for a dispute existed between the employer and the union and the employer there was subject to the National Labor Relations Act. In the Allen-Bradley case the Supreme Court pointed out that it "has long insisted that an 'intention of

Congress to exclude states from exerting their police power must be clearly manifested.'" Under Mich.Stat.Ann. 17.454(20), Comp.Laws 1948, § 423.19, the provision of Section 17.454(18) above quoted is "deemed an exercise of the police power of the state of Michigan." To the same effect is Bethlehem Steel Company v. New York State Labor Relations Board, 330 U.S. 767, 67 S.Ct. 1026, 91 L.Ed. 1234. Cf. Transcontinental & Western Air, Inc., v. Koppal, 345 U.S. 653, 73 S.Ct. 906, 910, 97 L.Ed. 1325. While this involved the Railway Labor Act, 45 U.S.C.A. § 151 et seq., the Supreme Court significantly held that a suit for damages at law is not in conflict with the provisions of the Railway Labor Act, declaring "A common-law or statutory action for wrongful discharge differs from any remedy which the Board has power to provide * * *." Or, as stated in United Construction Workers v. Laburnum Construction Corporation, supra [347 U.S. 656, 74 S.Ct. 838]: "To the extent, however, that Congress has not prescribed procedure for dealing with the consequences of tortious conduct already committed, there is no ground for concluding that existing criminal penalties or liabilities for tortious conduct have been eliminated."

As to the jurisdiction of the District Court to enjoin the state court action, the decision was clearly correct under Title 28 U.S.C. § 2283, which provides that a United States court may not grant an injunction to stay proceedings in the state court "except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments."

█ A similar question was presented in Amalgamated Clothing Workers of America v. Richman Bros. Co., 6 Cir., 211 F.2d 449. In that case a petition for injunction against an action in the state court had been filed and this court held that under Section 2283 the federal court had no jurisdiction to enjoin the state action. There, as here, no current labor dispute existed. There, as here, the National Labor Relations Board had not intervened in the case and therefore the question whether a District Court may protect the exclusive jurisdiction of a federal agency was not presented. The reasoning and authority of the Richman Bros. case are clearly controlling here. To the same effect is the decision of the Second Circuit in International Union of Electrical, Radio and Machine Workers, CIO v. Underwood Corporation, 219 F.2d 100.

The judgment of the District Court is affirmed.